UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JING XU,<br><br>  Plaintiff,<br><br>  v.<br><br>BETTER MORTGAGE CORPORATION, et al.,<br><br>  Defendants. | Case No. 23-cv-05510-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING MOTION FOR SANCTIONS; DENYING AS MOOT MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 11, 45, 48 |

Plaintiff Jing Xu brings this lawsuit against defendants Better Mortgage Corporation (BMC) and The Money Source (TMS) alleging violations of the Fair Credit Reporting Act (FCRA). BMC moves to dismiss the complaint and also moves for sanctions. Xu separately moves for leave to file an amended complaint. For the reasons that follow, the Court grants BMC's motion to dismiss with leave to amend. The Court also denies BMC's motion for sanctions and denies as moot Xu's motion for leave to file an amended complaint.

**BACKGROUND**

In September 2021, Xu sought to refinance his home and obtained a loan of nearly $2 million from BMC. In October 2021, Xu purportedly received an email from BMC stating that automatically recurring loan payments would be turned on unless his loan was transferred, in which case Xu would get an email notification that the automatic payments would stop. Xu thereafter set up an account with TMS (BMC's loan servicer) and made his first loan payment. In January 2022, however, Xu allegedly received an alert from Chase Bank that derogatory information about him had been reported by a credit agency due to a late payment. Xu alleges that he then learned that BMC had not set up automatic payments after his first payment because the loan had been transferred to Ally Bank. Xu alleges that BMC failed to notify him of this change.

According to Xu, neither BMC nor TMS informed him that a second loan payment due in November 2021 had not been made, after which the defendants allegedly furnished a derogatory report to various credit agencies. Xu alleges that TMS agreed that the defendants were at fault, but nonetheless refused to correct the derogatory reporting made to the credit agencies. In his complaint, Xu asserts that the defendants violated the FCRA by willfully or negligently failing to review all relevant credit information available to them, conduct a reasonable investigation after being notified by Xu, and correct inaccurate information provided to the credit reporting agencies.

BMC now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Xu has failed to meet the statutory requirements to state a claim under the FCRA.

## LEGAL STANDARDS

The Federal Rules require a complaint to include only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a Rule 12(b)(6) motion contending that a complaint fails to state a claim, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029 (9th Cir. 2009). Dismissal is required if the plaintiff fails to allege facts allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). While legal conclusions "can provide the complaint's framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Id.* at 664.

The FCRA requires that a "person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate," that a "person shall not furnish information relating to a consumer to any consumer reporting agency if the person has been notified by the consumer … that specific information is inaccurate; and the information is, in fact, inaccurate," and that "a person who regularly … furnishes information to one or more consumer reporting agencies … and has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information." 15 U.S.C. § 1681s-2(a).

The FCRA also requires that a furnisher of credit information "conduct an investigation with respect to the disputed information" after receiving notice of "a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency" and, "if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information." 15 U.S.C. § 1681s-2(b). Finally, the FCRA requires that the credit reporting agency that received derogatory information "provide notification of the [consumer] dispute to any person who provided any item of information in dispute." 15 U.S.C. § 1681i(a)(2).

## ANALYSIS

### I. Xu Fails To Adequately Plead an FCRA Claim Against BMC.

BMC contends that Xu fails to state a FCRA claim for several reasons. First, BMC argues that Xu does not adequately plead facts alleging that BMC was a "furnisher" of derogatory credit information within the meaning of the FCRA. Second, even if BMC were considered a furnisher, BMC contends that Xu does not provide any detail around what information BMC allegedly furnished and to which credit reporting agency, thereby failing to meet the pleading standards under Rule 12(b)(6). Third, in BMC's view, Xu fails to sufficiently allege that the information purportedly furnished to credit reporting agencies was in fact inaccurate and thus required corrective action because, as Xu himself concedes, he did not make his second November 2021 loan payment on time. *See* 15 U.S.C. § 1681s-2(a)–(b); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement."). Fourth, and finally, BMC argues that it never received notice of Xu's dispute from a credit reporting agency but only from Xu himself, so its duties as a furnisher under the FCRA were never triggered. *See* 15 U.S.C. § 1681i(a)(2); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) ("These [Section 1681s-2(b)] duties arise only after the furnisher receives notice of dispute from a [credit reporting agency]; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b).").

3

     Xu responds that BMC fits the statutory definition of a furnisher as "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 12 C.F.R. § 1022.41(c).[1] Xu also argues that he pleaded sufficient factual allegations in his complaint concerning the nature of the derogatory information furnished by BMC to various credit reporting agencies. Responding to BMC's argument that the information furnished was not technically inaccurate, Xu counters that even the furnishing of "incomplete" or misleading information is actionable under the FCRA. *See* 15 U.S.C. § 1681s-2(b). Since BMC allegedly failed to mention to the reporting agencies that Xu did not make his second loan payment on time because he was unaware that automatic payments had been turned off, Xu contends that the credit information furnished was still inaccurate. *See Gorman*, 584 F.3d at 1163 ("Although the report may have been 'technically accurate' in the sense that it reflected the consumer's failure to make any payments on the loan, … a consumer report that contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression."). "[H]olding otherwise would create a rule that, as a matter of law, an omission of the disputed nature of a debt never renders a report incomplete or inaccurate." *Id.* Finally, Xu argues that BMC received notice of the dispute only after Xu contacted the credit reporting agencies first, therefore satisfying the requirements of Section 1681i(a)(2).

     The Court agrees with BMC that Xu fails to adequately plead factual allegations showing that BMC furnished derogatory information to a credit reporting agency. In his complaint, Xu alleges in a conclusory fashion that "[d]efendants published a derogatory report to the applicable credit reporting agencies." Dkt. No. 1, at 3. In asserting his FCRA claim, Xu does not explain *what* information was conveyed or identify *which* credit reporting agencies were contacted. While legal conclusions "can provide the complaint's framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Ashcroft*, 556 U.S. at 664. Without

---

[1] In its reply brief, BMC argues that the Court should strike Xu's opposition brief as untimely because it was filed on January 2, 2024 when the filing deadline was December 6, 2023. While the Court admonishes Xu for failing to meet a Court-ordered deadline or seek an extension of time with leave of this Court, the Court exercises its discretion to consider the opposition brief.

4

1    more factual detail, the Court cannot answer the statutory questions of whether BMC was a

2    "furnisher" and whether the information provided to a credit reporting agency was "inaccurate."

3          Additionally, the Court finds that Xu has not sufficiently alleged that the relevant credit

4    reporting agencies notified BMC of the consumer dispute. *See* Dkt. No. 1, at 4 ("Defendants were

5    notified of plaintiff's dispute as to the derogatory credit report disseminated by them."). That

6    BMC was notified of the dispute is pleaded in a conclusory manner, and it is unclear whether the

7    reporting agency or Xu notified BMC. Without further clarity as to which party informed BMC of

8    the purported dispute, the Court cannot determine whether the Section 1681s-2 requirements were

9    triggered. *See Gorman*, 584 F.3d at 1154 (holding that "notice of a dispute received directly from

10   the consumer does not trigger furnishers' duties" under the FCRA).

11         BMC's motion to dismiss is therefore granted with leave to amend. If he so chooses, Xu

12   must amend his pleadings to provide the required factual allegations within 21 days.

13   **II.     BMC's Motion for Sanctions Is Denied.**

14         BMC also moves for sanctions under Rule 11. "[S]anctions must be imposed on the signer

15   of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'"

16   *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). A filing is frivolous

17   if it is both "baseless and made without a reasonable and competent inquiry." *Id*.

18         BMC argues that Xu's FCRA claim is frivolous because Xu entirely fails to plead that

19   BMC was a "furnisher" within the meaning of the statute. In support of its motion for sanctions,

20   BMC includes documentary evidence produced through initial disclosures in March 2024 (after

21   the motion to dismiss briefing was submitted) showing that defendant TMS furnished information

22   to the credit reporting agency TransUnion on February 18, 2022. Dkt. No. 45, at 6; Dkt. No. 46-4,

23   at 6. Despite purportedly requesting that Xu voluntarily dismiss BMC for a second time, Xu

24   elected not to do so. BMC alleges that Xu has had the TransUnion letter indicating that TMS was

25   the relevant furnisher (and not BMC) since February 2022, well before the complaint was filed in

26   October 2023. Dkt. No. 45, at 9. For this reason, BMC argues that Xu's counsel should be subject

27   to sanctions for failing to conduct a "reasonable and competent inquiry" before filing the initial

28   complaint. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

United States District Court
Northern District of California

Xu responds that BMC has produced nothing in discovery thus far and therefore has not provided any affirmative evidence that it did not furnish derogatory information to credit reporting agencies. Dkt. No. 47, at 8. Regarding the TransUnion letter, Xu contends that reports from the other national credit agencies (e.g., Experian, Equifax) have not been produced, meaning that BMC may still have been a furnisher in other instances. Xu also argues that BMC could be held vicariously liable for TMS's acts as BMC's authorized agent. Xu finally asserts that BMC should itself be sanctioned for filing a bad faith motion for sanctions under Rule 11. *Id.* at 13.

The Court denies BMC's motion for Rule 11 sanctions. BMC does not provide evidence that Xu filed this lawsuit for an improper purpose. And the filing was not frivolous because it appears that Xu believed he would "likely have evidentiary support after a reasonable opportunity for further investigation or discovery" showing that BMC was a furnisher under the FCRA. Fed. R. Civ. P. 11(b)(3). That the Court grants BMC's motion to dismiss with leave to amend because Xu did not adequately plead a FCRA claim does not mean that Xu should be sanctioned. As Xu suggests, notwithstanding the TransUnion letter showing that TMS was *a* furnisher, it is not readily apparent that BMC did not furnish *any* derogatory information to credit reporting agencies.

### III.     Xu's Motion for Leave to File an Amended Complaint Is Denied as Moot.

A party may amend its pleading either with consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2).[2] The Court "should freely give leave when justice so requires." *Id.* Ultimately, however, the "grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Factors that the Court considers are undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party, and futility of amendment. *Id.*

Here, in addition to the original FCRA claim, Xu now seeks to assert claims for negligent misrepresentation and violation of California's Unfair Competition Law (UCL). Dkt. No. 48. BMC opposes the motion, arguing that Xu filed it over four months after the motion to dismiss was submitted and only after the motion for sanctions was filed on May 14, 2024.

---

[2] Xu moved for leave to file an amended complaint on May 29, 2024, before the May 30, 2024 amendment of pleadings deadline set out in the Court's case management order. Dkt. No. 31.

The Court denies as moot Xu's motion for leave to amend his complaint. In granting BMC's motion to dismiss, the Court has already granted Xu leave to amend his complaint. Beyond addressing the pleading deficiencies discussed above as to the FCRA claim, Xu can add additional claims in his amended pleading. BMC's arguments about the merits of the negligent misrepresentation and UCL claims can be raised in a future responsive pleading by BMC if Xu includes those claims in his amended complaint.

## CONCLUSION

For the foregoing reasons, the Court grants BMC's motion to dismiss with leave to amend, denies BMC's motion for sanctions, and denies as moot Xu's motion for leave to file an amended complaint. If he so chooses, Xu must file an amended pleading within 21 days.

**IT IS SO ORDERED.**

Dated: July 9, 2024

_____
P. Casey Pitts
United States District Judge