Breck E. Milde (SBN 122437)
bmilde@terralaw.com
TERRA LAW LLP
333 W. Santa Clara St., Ste. 910
San Jose, CA 95113
Telephone:  (408) 299-1200

Attorney for Plaintiff
Jing Xu

# UNITED STATES DISTRICT COURT

## NORTHERN DIVISION OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JING XU,<br><br>    Plaintiff,<br><br>  vs.<br><br>BETTER MORTGAGE CORPORATION, a California corporation, and THE MONEY SOURCE, INC., a New York corporation,<br><br>    Defendants. | CASE NO.   5:23-cv-05510-PCP<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT, NEGLIGENT MISREPRESENTATION, VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, AND DEMAND FOR JURY TRIAL** |

Plaintiff Jing Xu alleges as follows:

1.  This Court has jurisdiction under 28 U.S.C. § 1331.

2.  Venue is proper pursuant to 28 U.S.C. § 1391 (b) (1) and (2).

3.  This case is brought under the provisions of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et seq.*, as well as related theories of liability.  Congress enacted the FCRA to ensure accurate reporting about the "credit worthiness, credit standing, credit capacity, character, and general reputation of consumers." 15 U.S.C. § 1681(a)(2).

4.  Plaintiff Jing Xu is an individual resident of the State of California, and resides within this judicial district.  Plaintiff is a "consumer" as defined in 15 U.S.C. § 1681a(c).

5.      Defendant Better Mortgage Corporation ("BMC") is a California corporation doing business in the State of California and within this judicial district.  Plaintiff is informed and believes and thereon alleges that BMC is a "furnisher" of information to credit reporting agencies, as defined under 12 C.F.R. § 1022.41(c), either directly or through the acts of its authorized agent.

6.      Defendant The Money Source, Inc. ("TMS") is a New York corporation doing business in the State of California and within this judicial district.  TMS is a "furnisher" of information to credit reporting agencies, as defined under 12 C.F.R. § 1022.41(c).

7.      Plaintiff is informed and believes and thereon alleges that TMS is the loan servicer for and the authorized agent of BMC, and that at all times relevant, TMS acted within the actual or ostensible scope of said agency relationship, such that BMC is liable for the actions of TMS for the claims, violations and damages alleged herein.

8.      Defendants BMC and TMS are referred to herein as "Defendants."

9.      In or about September 2021, plaintiff sought to refinance his residence located in Palo Alto, California through BMC.  BMC is an online entity that originates and services residential home mortgages.  BMC is licensed in the State of California with the Department of Real Estate.

10.     On or about September 23, 2021, plaintiff successfully closed his refinancing loan with BMC.  The total loan amount of the loan was $1,997,285, payable over 30 years, at a fixed rate of 2.75%.

11.     On or about October 17, 2021, plaintiff received an email from BMC providing information regarding his on-line account with BMC's loan servicer, TMS.  In this email, plaintiff was advised to visit the TMS website to finish setting up his account.  Plaintiff was further advised of "some important things to keep in mind."  These important things included the following:

- Recurring payments have been turned off just in case your loan is transferred to another servicer.

- If Better retains the servicing of your loan, automatic payments will be turned on.

1
2
    • If your loan is transferred, we will send you an email to let
      you know.

3       12.    Pursuant to said October 17, 2021 email, plaintiff did complete setting up his

4 account with TMS, as instructed, and on or about November 3, 2021, plaintiff received

5 confirmation that his account has been set up.

6       13.    Prior to setting up his account with TMS to provide for automatic payments,

7 plaintiff manually made his first loan payment online for the October 2021 payment, which

8 payment was due on November 1, 2021.

9       14.    Plaintiff heard nothing further from BMC or TMS after setting up the account with

10 TMS. Plaintiff received no notice that the loan had been transferred, and reasonably assumed,

11 based on the email he received from BMC, that automatic payments would be activated.

12       15.    On or about January 5, 2022, plaintiff received an alert from Chase, a financial

13 institution with whom plaintiff had a credit relationship. The alert advised him of derogatory

14 information reported by a credit reporting agency, due to a late payment added to his credit

15 history.

16       16.    Plaintiff thereafter followed up with BMC, and learned that, contrary to the notice

17 provided in the October 17, 2021 email, BMC had not activated the automatic payments for the

18 account that plaintiff had set up with TMS, and that BMC had transferred the loan to another

19 institution, Ally Bank. Plaintiff learned that his payment for November 2021 which was due on

20 December 1, 2021 had not been automatically made despite his having set up the automatic loan

21 payments with TMS as instructed by BMC.

22       17.    Plaintiff received no notice by email, or through any other means, regarding the

23 transfer of the loan to Ally Bank. Nor did BMC or its servicer, TMS, advise plaintiff that his

24 November 2021 loan payment had not been made. By the time that plaintiff learned that the

25 payment had not been made, more than 30 days had passed, and TMS published a derogatory

26 report stating that plaintiff's account was 30 days past due to at least one credit reporting agency,

27 TransUnion.

28       18.    After learning of the events alleged hereinabove, plaintiff contacted TMS in an

attempt to obtain redress and correction of his credit report. Upon speaking with TMS customer service, some of the TMS representatives agreed that BMC/TMS was at fault, however, the credit reporting agencies were not advised of BMC/TMS's error.

19.    Also, after learning of the derogatory credit reporting, plaintiff contacted one or more of the national credit reporting agencies, i.e., Experian, Equifax, and TransUnion. Plaintiff was advised that they would not correct the derogatory credit reporting provided by Defendants.

20.    TMS was notified by TransUnion of plaintiff's dispute as to the derogatory credit on February 8, 2022 and March 10, 2022. TMS refused to correct the inaccurate and incomplete reporting to the credit reporting agencies by modifying, deleting, or blocking the derogatory report based on the information provided by plaintiff.

## FIRST CLAIM FOR RELIEF

### (**Violation of Fair Credit Reporting Act**)

21.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the foregoing paragraphs of this First Amended Complaint.

21.    Defendants violated the FCRA by, among other things, willfully and/or negligently failing to review all relevant information available to them, failing to conduct a reasonable investigation after being notified of plaintiff's dispute, and by failing to correct or delete inaccurate and incomplete information provided to the credit reporting agencies.

22.    As a direct and proximate result of Defendants' violation of the FCRA, plaintiff has suffered adverse action, including but not limited to denial of credit at a more favorable interest rate, both for the refinancing of his home loan and for the purchase of property in South Bend, Indiana, and plaintiff lost the opportunity to qualify for a loan to purchase real property for use as an income property in Arvada, Colorado.

23.    As a direct and proximate result of Defendants' violation of the FCRA, plaintiff has suffered actual damages, including but not limited to the inability to refinance his home loan and other real property loans at a lower interest rate, inability to qualify for a loan to purchase a second property for use as an income property, as well as embarrassment, anguish, emotional and mental pain, in the amount of approximately $400,000.00.

24.    As a further consequence of Defendants' violation of the FCRA, Defendants may be held liable to plaintiff for statutory and punitive damages, and plaintiff is entitled to recover his attorneys' fees and legal costs incurred.

## SECOND CLAIM FOR RELIEF

### (Negligent Misrepresentation)

25.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the foregoing paragraphs of this First Amended Complaint.

26.    BMC represented to plaintiff that automatic payments would be turned off in the event that his loan with BMC was transferred, and BMC would send plaintiff an email notifying plaintiff of the transfer.

27.    These representations were not true, and plaintiff did not receive an email providing notice that his loan with BMC was transferred, when in fact it had been transferred to another servicer without notice to plaintiff.

28.    Plaintiff is informed and believes, and thereon alleges, that BMC may have honestly believed said representations to be true, but BMC had no reasonable grounds for believing the representations to be true at the time that they were made.

29.    Plaintiff is informed and believes, and thereon alleges, that BMC intended plaintiff to rely on said representations, and plaintiff reasonably relied on said representations.

30.    As a direct and proximate result of BMC's representations, and plaintiff's reasonable and justifiable reliance thereon, plaintiff has suffered damages as herein alleged.

## THIRD CLAIM FOR RELIEF

### (Violation of Business and Professions Code Section 17200)

31.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the foregoing paragraphs of this First Amended Complaint.

32.    Plaintiffs are informed and believe and thereon allege that Defendants have engaged in such conduct in the past and that they continue to engage in such conduct.

33.    Defendants' wrongful conduct as hereinabove alleged constitutes unlawful, unfair and/or fraudulent business acts and practices in violation of Business and Professions Code

1  section 17200, et seq.

2      34.     No remedy at law lies for Defendants' continuing violation of said statute.

3      35.     As a direct and proximate result of Defendants' unlawful, unfair and/or fraudulent

4  business acts and practices, as hereinabove alleged, plaintiff has suffered and will continue to

5  suffer irreparable injury that cannot be remedied at law unless Defendants and their attorneys,

6  officers, agents, employees, representatives, and all person acting in concert or participating with

7  them, are restrained and enjoined from continuing with said conduct.

8      36.     Disgorgement of profits and restitution of monies wrongfully obtained by

9  defendants is appropriate herein pursuant to Business and Professions Code section 17203.

10                                    **JURY DEMAND**

11      Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a trial by jury.

12                                    **PRAYER FOR RELIEF**

13      1.      For actual damages in the amount of $400,000.00 or according to proof;

14      2.      For statutory damages;

15      3.      For punitive damages according to proof;

16      4.      For pre-judgment interest;

17      5.      That a preliminary and permanent injunction be issued restraining Defendants and

18  their attorneys, officers, agents, employees, representatives, and all persons acting in concert or

19  participating with them, from engaging in the conduct hereinabove alleged;

20      6.      For disgorgement by Defendants of payments, interest, and other monies received

21  by said Defendants from plaintiff;

22      7.      For attorneys' fees and legal costs; and

23      8.      For such other and further legal and/or equitable relief as this Court may deem

24  proper.

25  Dated: July 30, 2024                         TERRA LAW LLP

26

27                                    By: _ /s/ Breck E. Milde_____
                                          Breck E. Milde

28                                        Attorneys for Plaintiff Jing Xu

                                    **FIRST AMENDED COMPLAINT**

1

CERTIFICATE OF SERVICE

2          The undersigned attorney hereby certifies, on July 30, 2024, a copy of the following

3   document:

4          First Amended Complaint for Violation of Fair Credit Reporting Act, Negligent
    Misrepresentation, Violation of Business and Professions Code Section 17200, and Demand for
5   Jury Trial

6   was served electronically to all parties on the above-captioned matter by emailing the same to

7   all parties at the email addresses that are indicated below.

8   Berj K. Parseghian                          Valerie Jean Schratz
    Lippes Mathias LLP                          Hall Griffin LLP
9   260 Madison Ave., 17th Floor                1851 E. First St., 10th Floor
    New York, NY 10016                          Santa Ana, CA 92705-4052
10  (332) 345-4500                              (714) 918-6996
    bparseghian@lippes.com                      vschratz@hallgriffin.com
11

12

13  Dated:  July 30, 2024            By:   /s/ Breck E. Milde

14                                         Breck E. Milde
                                           TERRA LAW LLP
15                                         333 W. Santa Clara St., Suite 010
                                           San Jose, CA 95113
16                                         Phone:  (408) 299-1200
                                           Email: bmilde@terralaw.com

17                                         Attorneys for Plaintiff Jing Xu

18

19

20

21

22

23

24

25

26

27

28

4874-9787-4113, v. 1

7