# EXHIBIT B

1  Breck E. Milde (Bar No. 122437)
   bmilde@terralaw.com
2  TERRA LAW LLP
   333 W. Santa Clara St., Suite 910
3  San Jose, California 95113
   Telephone: (408) 299-1200
4
   Attorneys for Plaintiff
5  Jing Xu

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                            SAN JOSE DIVISION

10

11 | JING XU,                                  | Case No. 5:23-CV-05510-PCP
12 |            Plaintiff,                     | **PLAINTIFF JING XU'S RESPONSE TO THE MONEY SOURCE'S FIRST SET OF REQUESTS FOR ADMISSION**
13 |      vs.                                  |
14 | BETTER MORTGAGE CORPORATION, a
   | California corporation, and THE MONEY
15 | SOURCE, INC., a New York corporation,
16 |            Defendants.
17

18

19 PROPOUNDING PARTY:    Defendant THE MONEY SOURCE

20 RESPONDING PARTY:     Plaintiff JING XU

21 SET NO:               ONE (1)

22

23      Plaintiff Jing Xu ("Responding Party" or "Plaintiff") provides the following responses,

24 pursuant to Rule 36 of the Federal Rules of Civil Procedure and Civil Local Rule 36-1, to the

25 First Set of Requests for Admission propounded by defendant The Money Source, as follows:

26                **PRELIMINARY STATEMENTS APPLICABLE TO EVERY RESPONSE**

27      The investigation and preparation of Responding Party for trial has not been completed

28 and the following responses are given without prejudice to Responding Party's right to amend

1 these responses based on subsequently discovered information.  Each of the following responses
2 is rendered and based upon information and documentation in the possession of Responding
3 Party at the time of preparing Responding Party's response.  Discovery will continue as long as
4 permitted by statute or stipulation of the parties, and the investigation of Responding Party's
5 attorneys and agents will continue to and throughout the pendency of the action.

6   If any responsive information has unintentionally been omitted from these responses,
7 Responding Party reserves the right to amend these responses and/or to apply for relief so as to
8 permit the insertion of the information omitted from these responses.

9   Responding Party further reserves all objections to the competency, relevance,
10 materiality, privilege, or admissibility of this response or documents produced in this or any
11 subsequent proceedings or in the trial of this or any other action.

12   Responding Party objects to each and every category contained within the Request for
13 Production to the extent that it may be construed as seeking information protected by the
14 attorney-client, work product and/or tax return privileges.

15   These preliminary statements shall apply to each and every response given herein, and
16 shall be incorporated by reference as though fully set forth in each and every following response.

17 <center>**RESPONSES TO REQUESTS FOR ADMISSION**</center>

18 **REQUEST FOR ADMISSION NO. 1.:**

19   Admit that, between November 1, 2021 and March 30, 2022, You had access to review
20 emails sent to the email address robertxjys@gmail.com.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

22   Admit.

23 **REQUEST FOR ADMISSION NO. 2.:**

24   Admit that, between November 1, 2021 and March 30, 2022, You received mail sent to
25 the address of 3637 Ramona Circle Palo Alto, California 94306.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

27   Plaintiff admits that he resided at that address during the time in question but denies that
28 he always "received" mail at that address.

**REQUEST FOR ADMISSION NO. 3.:**

Admit that, on or about November 3, 2021, You enrolled in paperless communication with Defendant regarding the mortgage loan at issue in Your Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admit.

**REQUEST FOR ADMISSION NO. 4.:**

Admit that Defendant's email to You on November 3, 2021, confirmed that You successfully submitted a one-time loan payment in the amount of $8,153.74, related to the loan at issue in Your Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admit.

**REQUEST FOR ADMISSION NO. 5.:**

Admit that You received a notice of servicing transfer related to the loan at issue in Your Complaint on November 5, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Deny.

**REQUEST FOR ADMISSION NO. 6.:**

Admit that Your mortgage loan payment related to the loan at issue in Your Complaint for December 2021 was not made timely.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Admit.

**REQUEST FOR ADMISSION NO. 7.:**

Admit that Defendant did not report inaccurate information to credit reporting agencies regarding the mortgage loan at issue in Your Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Deny.

**REQUEST FOR ADMISSION NO. 8.:**

Admit that You registered for Defendant's borrower portal on November 3, 2021.

**PLAINTIFF JING XU'S RESPONSE TO THE MONEY SOURCE'S
FIRST SET OF REQUESTS FOR ADMISSION**

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admit.

**REQUEST FOR ADMISSION NO. 9.:**

Admit that You had access to Defendant's borrower portal between November 3, 2021, and March 1, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Admit.

**REQUEST FOR ADMISSION NO. 10.:**

Admit that automatic payments for to the loan at issue in Your Complaint were not turned on.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Plaintiff received no notice that the loan had been transferred to another servicer, and reasonably assumed that automatic payments had been activated, based on the email he received from BMC which advised him that if BMC retained the servicing of his loan, automatic payments would be turned on, and if his loan was transferred, BMC would send him an email to let him know.

**REQUEST FOR ADMISSION NO. 11.:**

Admit that You did not suffer any damages related to the credit reporting by Defendant related to loan at issue in Your Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Deny.

**REQUEST FOR ADMISSION NO. 12.:**

Admit that You did not receive any notice from Defendant that automatic payments for to the loan at issue in Your Complaint were turned on.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff received no notice that the loan had been transferred to another servicer, and reasonably assumed that automatic payments had been activated, based on the email he received from BMC which advised him that if BMC retained the servicing of his loan, automatic

payments would be turned on, and if his loan was transferred, BMC would send him an email to let him know.

Dated: July 26, 2024                          TERRA LAW LLP

                                              By:   /s/ Breck E. Milde
                                                    Breck E. Milde
                                                    Attorneys for Plaintiff Jing Xu

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies, on July 26, 2024, a copy of the following document: Plaintiff Jing Xu's Response to The Money Source's First Set of Requests for Admission was served electronically to all parties on the above-captioned matter by emailing the same to all parties at the email addresses that are indicated below.

| | |
|---|---|
| Berj K. Parseghian<br>Lippes Mathias LLP<br>260 Madison Ave., 17th Floor<br>New York, NY 10016<br>(332) 345-4500<br>bparseghian@lippes.com | Valerie Jean Schratz<br>Hall Griffin LLP<br>185 E. First St., 10th Floor<br>Santa Ana, CA 92705-4052<br>(714) 918-6996<br>vschratz@hallgriffin.com |

Dated: July 26, 2024         By:   /s/ Breck E. Milde_____
                                    Breck E. Milde
                                    TERRA LAW LLP
                                    333 W. Santa Clara St., Suite 010
                                    San Jose, CA 95113
                                    Phone:  (408) 299-1200
                                    Email: bmilde@terralaw.com

                                    Attorneys for Plaintiff Jing Xu