# EXHIBIT B

Breck E. Milde (Bar No. 122437)
bmilde@terralaw.com
TERRA LAW LLP
333 W. Santa Clara St., Suite 910
San Jose, California 95113
Telephone: (408) 299-1200

Attorneys for Plaintiff
Jing Xu

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JING XU,<br><br>    Plaintiff,<br><br>    vs.<br><br>BETTER MORTGAGE CORPORATION, a California corporation, and THE MONEY SOURCE, INC., a New York corporation,<br><br>    Defendants. | Case No. 5:23-CV-05510-PCP<br><br>**PLAINTIFF JING XU'S RESPONSE TO BETTER MORTGAGE CORPORATION'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:   Defendant BETTER MORTGAGE CORPORATION

RESPONDING PARTY:   Plaintiff JING XU

SET NO:   ONE (1)

Plaintiff Jing Xu ("Responding Party" or "Plaintiff") provides the following responses, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, to the First Set of Interrogatories, propounded by defendant Better Mortgage Corporation ("BMC"), as follows:

**PRELIMINARY STATEMENTS APPLICABLE TO EVERY RESPONSE**

The investigation and preparation of Responding Party for trial has not been completed and the following responses are given without prejudice to Responding Party's right to amend these responses based on subsequently discovered information. Each of the following responses

is rendered and based upon information and documentation in the possession of Responding Party at the time of preparing Responding Party's response. Discovery will continue as long as permitted by statute or stipulation of the parties, and the investigation of Responding Party's attorneys and agents will continue to and throughout the pendency of the action.

If any responsive information has unintentionally been omitted from these responses, Responding Party reserves the right to amend these responses and/or to apply for relief so as to permit the insertion of the information omitted from these responses.

Responding Party further reserves all objections to the competency, relevance, materiality, privilege, or admissibility of this response or documents produced in this or any subsequent proceedings or in the trial of this or any other action.

Responding Party objects to each and every category contained within the Request for Production to the extent that it may be construed as seeking information protected by the attorney-client, work product and/or tax return privileges.

These preliminary statements shall apply to each and every response given herein, and shall be incorporated by reference as though fully set forth in each and every following response.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1.:**

State all facts supporting the allegation in Paragraph 16 of the Complaint that Better "published a derogatory report to the appellate credit reporting agencies."

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to this interrogatory on the grounds that it refers to a pleading that has been or will be superseded by a First Amended Complaint, rendering this interrogatory irrelevant. Without waiving said objection, and subject thereto, BMC is an online entity that originates and services residential home mortgages. In September 2021, plaintiff sought to refinance his residence through BMC. On September 23, 2021, Plaintiff successfully closed his refinancing loan with BMC. On October 17, 2021, Plaintiff received an email from BMC providing information regarding his on-line account with BMC's loan servicer, TMS. In this email, Plaintiff was advised to visit the TMS website to finish setting up his account. Plaintiff

2
**PLAINTIFF JING XU'S RESPONSE TO BETTER MORTGAGE CORPORATION'S
FIRST SET OF INTERROGATORIES**

1 was further advised of "some important things to keep in mind." These important things
2 included the following:
3 • Recurring payments have been turned off just in case your loan is transferred to
4 another servicer.
5 • If Better retains the servicing of your loan, automatic payments will be turned on.
6 • If your loan is transferred, we will send you an email to let you know.
7 Pursuant to the October 17, 2021 email, Plaintiff completed setting up his account with
8 TMS, as instructed, and on or about November 3, 2021, received confirmation that his account
9 had been set up. Prior to setting up his account with TMS to provide for automatic payments,
10 Plaintiff manually made his first loan payment online. Plaintiff heard nothing further from BMC
11 or TMS after setting up the account with TMS. Plaintiff received no notice that the loan had
12 been transferred to another servicer, and reasonably assumed, based on the email he received
13 from BMC, that automatic payments had been activated. On or about January 5, 2022, Plaintiff
14 learned of derogatory information reported to at least one CRA. After contacting BMC, Plaintiff
15 learned that despite BMC's instructing him to set up automated payments on his account,
16 BMC/TMS had not implemented the automatic payments, resulting in a missed payment.
17 Plaintiff is informed and believes that BMC either directly, or through its authorized agent, TMC,
18 published a derogatory report to the CRAs. Plaintiff communicated the dispute to BMC and
19 TMS, but Defendants failed to correct the inaccurate report. Plaintiff communicated with CRAs
20 but was advised that they would not correct the derogatory credit reporting provided by
21 Defendants.

22 **INTERROGATORY NO. 2.:**
23 State all facts supporting the allegation in Paragraph 19 of the Complaint that Better was
24 "notified of plaintiff's dispute as to the derogatory credit report[.]"
25 **RESPONSE TO INTERROGATORY NO. 2:**
26 Plaintiff objects to this interrogatory on the grounds that it refers to a pleading that has
27 been or will be superseded by a First Amended Complaint, rendering this interrogatory
28 irrelevant. Without waiving said objection, and subject thereto, BMC is an online entity that

originates and services residential home mortgages. In September 2021, plaintiff sought to refinance his residence through BMC. On September 23, 2021, Plaintiff successfully closed his refinancing loan with BMC. On October 17, 2021, Plaintiff received an email from BMC providing information regarding his on-line account with BMC's loan servicer, TMS.  In this email, Plaintiff was advised to visit the TMS website to finish setting up his account.  Plaintiff was further advised of "some important things to keep in mind."  These important things included the following:

- •   Recurring payments have been turned off just in case your loan is transferred to another servicer.
- •   If Better retains the servicing of your loan, automatic payments will be turned on.
- •   If your loan is transferred, we will send you an email to let you know.

Pursuant to the October 17, 2021 email, Plaintiff completed setting up his account with TMS, as instructed, and on or about November 3, 2021, received confirmation that his account had been set up. Prior to setting up his account with TMS to provide for automatic payments, Plaintiff manually made his first loan payment online.  Plaintiff heard nothing further from BMC or TMS after setting up the account with TMS.  Plaintiff received no notice that the loan had been transferred to another servicer, and reasonably assumed, based on the email he received from BMC, that automatic payments had been activated.  On or about January 5, 2022, Plaintiff learned of derogatory information reported to at least one CRA.  After contacting BMC, Plaintiff learned that despite BMC's instructing him to set up automated payments on his account, BMC/TMS had not implemented the automatic payments, resulting in a missed payment. Plaintiff is informed and believes that BMC either directly, or through its authorized agent, TMC, published a derogatory report to the CRAs. Plaintiff communicated the dispute to BMC and TMS, but Defendants failed to correct the inaccurate report. Plaintiff communicated with CRAs but was advised that they would not correct the derogatory credit reporting provided by Defendants.

**INTERROGATORY NO. 3.:**

State all facts supporting the allegation in Paragraph 5 of the FAC that TMS is an

4
**PLAINTIFF JING XU'S RESPONSE TO BETTER MORTGAGE CORPORATION'S
FIRST SET OF INTERROGATORIES**

"authorized agent" of Better.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this interrogatory on the grounds that Defendants have failed and refused to produce documents in their possession, custody and control relevant to this interrogatory. Without waiving said objections, and subject thereto, BMC is an online entity that originates and services residential home mortgages. In September 2021, plaintiff sought to refinance his residence through BMC. On September 23, 2021, Plaintiff successfully closed his refinancing loan with BMC. On October 17, 2021, Plaintiff received an email from BMC providing information regarding his on-line account with BMC's loan servicer, TMS. In this email, Plaintiff was advised to visit the TMS website to finish setting up his account. Plaintiff was further advised of "some important things to keep in mind." These important things included the following:

- • Recurring payments have been turned off just in case your loan is transferred to another servicer.
- • If Better retains the servicing of your loan, automatic payments will be turned on.
- • If your loan is transferred, we will send you an email to let you know.

Pursuant to the October 17, 2021 email, Plaintiff completed setting up his account with TMS, as instructed, and on or about November 3, 2021, received confirmation that his account had been set up. Prior to setting up his account with TMS to provide for automatic payments, Plaintiff manually made his first loan payment online. Plaintiff heard nothing further from BMC or TMS after setting up the account with TMS. Plaintiff received no notice that the loan had been transferred to another servicer, and reasonably assumed, based on the email he received from BMC, that automatic payments had been activated. On or about January 5, 2022, Plaintiff learned of derogatory information reported to at least one CRA. After contacting BMC, Plaintiff learned that despite BMC's instructing him to set up automated payments on his account, BMC/TMS had not implemented the automatic payments, resulting in a missed payment. Plaintiff is informed and believes that BMC either directly, or through its authorized agent, TMC, published a derogatory report to the CRAs. Plaintiff communicated the dispute to BMC and

TMS, but Defendants failed to correct the inaccurate report. Plaintiff communicated with CRAs but was advised that they would not correct the derogatory credit reporting provided by Defendants. Agency may be created by express agreement, implied by conduct of the parties, or by ratification. While Defendants have failed to produce any documents regarding the existence and scope of the loan servicer -principal relationship between BMC and TMS, it is likely that such documents, when produced, will support an express agency relationship. Courts have determined that parties can proceed on a vicarious liability theory on an FCRA claim. BMC is Plaintiff's lender, and TMS is BMC's loan servicer.

**INTERROGATORY NO. 4.:**

Identify each person or entity that reported derogatory information to any CRA regarding Plaintiff's loan with Better, as alleged in Paragraph 14 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this interrogatory on the grounds that it refers to a pleading that has been or will be superseded by a First Amended Complaint, rendering this interrogatory irrelevant. Further objection is made on the grounds that Defendants have failed and refused to produce documents in their possession, custody and control relevant to this interrogatory. Without waiving said objections, and subject thereto, BMC and TMS.

**INTERROGATORY NO. 5.:**

Identify each person or entity that Plaintiff applied for credit with to "refinance his home loan at a lower interest rate[,]" as alleged in Paragraph 22 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this interrogatory on the grounds that it refers to a pleading that has been or will be superseded by a First Amended Complaint, rendering this interrogatory irrelevant. Without waiving said objection, and subject thereto, Bank of America, N.A.,

**INTERROGATORY NO. 6.:**

Identify each person or entity that Plaintiff sought to "purchase a second property for use as an income property" from, as alleged in Paragraph 22 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this interrogatory on the grounds that it refers to a pleading that has been or will be superseded by a First Amended Complaint, rendering this interrogatory irrelevant. Without waiving said objection, and subject thereto, Nick Costanzo.

**INTERROGATORY NO. 7.:**

Identify each person or entity that Plaintiff applied for credit with to "purchase a second property for use as an income property[,]" as alleged in Paragraph 22 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this interrogatory on the grounds that it refers to a pleading that has been or will be superseded by a First Amended Complaint, rendering this interrogatory irrelevant. Without waiving said objection, and subject thereto, Alex Martinez, Notre Dame Federal Credit Union.

**INTERROGATORY NO. 8.:**

Identify each medical provider that provided any service to Plaintiff in relation to the "emotional and mental pain" alleged in Paragraph 22 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this interrogatory on the grounds that it refers to a pleading that has been or will be superseded by a First Amended Complaint, rendering this interrogatory irrelevant. Without waiving said objection, and subject thereto, N/A.

Dated:  July 24, 2024                              TERRA LAW LLP


                                                   By:    /s/  Breck E. Milde
                                                          Breck E. Milde
                                                          Attorneys for Plaintiff Jing Xu

**VERIFICATION**

I, Jing Xu, am the plaintiff in the within action. I have read the foregoing **PLAINTIFF JING XU'S RESPONSE TO BETTER MORTGAGE CORPORATION'S FIRST SET OF INTERROGATORIES** and know its contents. The matters stated in it are true of my own personal knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this verification was executed on July 24, 2024 at Palo Alto, California.

                                                                                  /s/ Jing Xu
                                                                                    Jing Xu

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies, on July 24, 2024, a copy of the following document: Plaintiff Jing Xu's Response to Better Mortgage Corporation's First Set of Interrogatories was served electronically to all parties on the above-captioned matter by emailing the same to all parties at the email addresses that are indicated below.

| | |
|---|---|
| Berj K. Parseghian<br>Lippes Mathias LLP<br>260 Madison Ave., 17th Floor<br>New York, NY 10016<br>(332) 345-4500<br>bparseghian@lippes.com | Valerie Jean Schratz<br>Hall Griffin LLP<br>185 E. First St., 10th Floor<br>Santa Ana, CA 92705-4052<br>(714) 918-6996<br>vschratz@hallgriffin.com |

Dated: July 24, 2024        By:   /s/ Breck E. Milde
                                    Breck E. Milde
                                    TERRA LAW LLP
                                    333 W. Santa Clara St., Suite 010
                                    San Jose, CA 95113
                                    Phone: (408) 299-1200
                                    Email: bmilde@terralaw.com

                                    Attorneys for Plaintiff Jing Xu