HALL GRIFFIN LLP
VALERIE J. SCHRATZ, State Bar No. 272418
  *vschratz@hallgriffin.com*
BRIAN P. STEWART, State Bar No. 147718
  *bstewart@hallgriffin.com*
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for Defendant
THE MONEY SOURCE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| JING XU,<br><br>           Plaintiff,<br><br>     vs.<br><br>BETTER MORTGAGE CORPORATION, a California corporation, and THE MONEY SOURCE, INC., a New York corporation,<br><br>           Defendants. | CASE NO. 5:23-cv-05510-VKD<br><br>**DECLARATION OF THE MONEY SOURCE INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>DATE:   July 16, 2025<br>TIME:    9:00 a.m.<br>CRTRM.: 3<br><br>JUDGE: Hon. Noël Wise<br>TRIAL DATE: September 22, 2025 |

I, JoAnne Gonzalez, declare as follows:

1. I am a Senior Vice President of Loan Servicing Administration for Servbank, SB, an authorized agent for THE MONEY SOURCE INC. ("TMS"), one of the named defendants in this action, and I am authorized to make this Declaration for and on its behalf. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to such facts under oath.

2. TMS maintains a computer database (the "Loan Records"), including the acts, transactions, payments, communications, escrow account activity, disbursements, events, and

1 analyses (the "Loan Transactions") with respect to the mortgage loans which TMS owns and/or services. Included in TMS' Loan Transactions are transactions found in TMS online borrower portal. The information described herein and referenced below is found in the business records of TMS. The entries in those records are made at the time of the events and conditions they describe either by people with first-hand knowledge of those events and conditions or from information provided by people with such first-hand knowledge. Recording such information is part of TMS' regularly-conducted business activities. I have access to the Loan Records with respect to the subject loan, and have knowledge of how they are maintained. TMS relies on these records in the ordinary course of its business.

3. The facts stated below are based upon my review of TMS's above-described business records concerning XU's Loan. Based upon my review of those records, I have gained knowledge of the facts set forth herein and, if called upon as a witness to testify, I could and would competently testify as to those facts under penalty of perjury.

4. I have reviewed the TMS's Loan Records as they pertain to the XU Loan (described below), more specifically described as loan number 8120995926 (hereinafter referred to as the "Loan"), and TMS's Loan Records contains copies of each of the documents attached hereto.

5. The Loan Records reflect that the JING XU (hereinafter "XU") borrowed the sum of $1,997,285.00 from BETTER MORTGAGE COMPANY (hereinafter "BMC") in connection with his refinance of loan related to real property commonly known as 3637 Ramona Circle Palo Alto California 94306 (hereinafter referred to as the "Subject Property").

6. The Loan Records reflect that immediately after the loan was originated, servicing of the Loan was transferred to TMS. (A true and correct copy of the September 23, 2021 Notice of Servicing Transfer is attached hereto as Exhibit "102").

7. The Loan Records reflect that on October 17, 2021, BMC sent XU an email advising him how to finish setting up his online account. (A true and correct copy of the October 19, 2021 Mortgage Statement is attached hereto as Exhibit "107").

/ / /

/ / /

2     Case No. 5:23-cv-05510-VKD

DECLARATION OF THE MONEY SOURCE INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

4857-6358-6026.3

8. The Loan Records reflect that TMS sent XU his initial Mortgage Statement on October 19, 2021, indicating that his first loan payment was due on November 1, 2021. (A true and correct copy of the October 19, 2021 Mortgage Statement is attached hereto as Exhibit "108").

9. The Loan Records reflect that on November 3, 2021, XU registered his account in the TMS Borrower Portal. (A true and correct copy of the November 3, 2021 e-mail confirming XU's registration in the TMS Borrower Portal is attached hereto as Exhibit "109").

10. The Loan Records reflect that on November 3, 2021, TMS sent XU a second e-mail confirming that XU had enrolled in the TMS paperless communication program. This e-mail notified XU that he had selected and would electronically be receiving Periodic billing statements; Year-end tax documents; and Correspondence related to the servicing of the loan, including escrow analysis, required disclosures, and any other communications deemed appropriate to be delivered electronically. (A true and correct copy of the November 3, 2021 Welcome e-mail confirming XU's enrollment in the TMS paperless communication program is attached hereto as Exhibit "110").

11. The Loan Records reflect that on November 3, 2021, TMS sent XU a third e-mail confirming that XU had successfully submitted a one-time electronic payment and thanking him for his payment. (A true and correct copy of the November 3, 2021 payment confirmation e-mail is attached hereto as Exhibit "111").

12. The Loan Records reflect that on November 5, 2021, TMS sent XU via U.S. Mail a Notice of Mortgage Servicing Transfer, informing him that servicing of his loan would be transferred to ALLY BANK effective January 4, 2022. (A true and correct copy of the November 3, 2021 Notice of Mortgage Servicing Transfer is attached hereto as Exhibit "114").

13. The Loan Records reflect that on November 5, 2021, TMS sent XU an electronic notice that his Monthly Mortgage Statement was ready to be viewed online. (A true and correct copy of the November 5, 2021 Notification regarding XU's Monthly Mortgage Statement is attached hereto as Exhibit "112". A true and correct copy of the November 3, 2021 Mortgage Statement is attached hereto as Exhibit "113").

14. The Loan Records reflect that on December 19, 2021, TMS sent XU an e-mail notifying him that his Monthly Mortgage Statement (which indicated that a total payment of

3 Case No. 5:23-cv-05510-VKD

DECLARATION OF THE MONEY SOURCE INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

4857-6358-6026.3

$16,307.48 was due on January 1, 2021), was available in the borrower portal for his review. (A true and correct copy of the December 19, 2021 Notification regarding XU's Monthly Mortgage Statement is attached hereto as Exhibit "115". A true and correct copy of the December 16, 2021 Mortgage Statement is attached hereto as Exhibit "116").

15. The Loan Records reflect that XU did not pay the Loan payment due for December 1, 2021, during the time that TMS was servicing the Loan.

16. The Loan Records reflect that the Loan was service transferred to ALLY BANK on January 4, 2022. At the time the Loan was service transferred the January 1, 2022 payment had not been paid and the December 1, 2021 payment was over 30 days delinquent.

17. The Loan Records reflect that in early January 2022, TMS reported the Loan delinquent to TransUnion based upon XU's failure to pay the December 1, 2021 payment.

18. The Loan Records reflect that in or around March 2022, TMS was contacted by TransUnion and informed that XU was disputing the report that the December 1, 2021 Loan payment was over 30 days delinquent.

19. Following receipt of the above notice from TransUnion, TMS performed a thorough investigation into the payment records; e-mail communications between XU and TMS; and all TMS programs in which XU had enrolled in online. The investigation confirmed that:

    (a) During the four months TMS serviced the Loan, XU made only one online payment on November 3, 2021;

    (b) XU never set up his account for automatic payments;

    (c) XU had enrolled to receive all billing statements and notices electronically;

    (d) XU was sent electronic notice that his billing statements for both the December 2021 payment and the January 2022 payment were available to be reviewed in the portal; and

    (e) At the time the Loan was service transferred to ALLY BANK, XU had not paid the payment due January 1, 2022, and was over 30 days delinquent for the payment due December 1, 2021.

20. TMS's investigation indicated that the information XU was attempting to dispute was in fact accurate; that he had requested paperless communications for the Loan; and that he

DECLARATION OF THE MONEY SOURCE INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

4857-6358-6026.3

Docusign Envelope ID: E547B83E-1E43-4DF7-AF26-BACD021F861F

was sent copies of his Mortgage Statements; that XU received electronic notifications that directed him to review online Mortgage Statements, which indicated that he was delinquent on his loan payments. Nothing in the Loan Records or the submitted Dispute indicated any valid reason why XU would be confused about his payments.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 31st day of March, 2025, at Jacksonville, Florida.

Signed by:

*JoAnne Gonzalez*

E07BF25F09AD405...

JoAnne Gonazalez

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March, 2025, a true and correct copy of **DECLARATION OF THE MONEY SOURCE INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** was served via the United States District Court CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

By *Valerie J. Schratz*
Valerie J. Schratz
HALL GRIFFIN LLP