Berj K. Parseghian (Cal. Bar No. 200932)
LIPPES MATHIAS LLP
420 Lexington Avenue, Suite 2005
New York, New York 10170
Telephone: (332) 345-4500 x1695
Email: bparseghian@lippes.com

*Attorneys for Defendant*
*Better Mortgage Corporation*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JING XU,<br><br>               Plaintiff,<br><br>          v.<br><br>BETTER MORTGAGE CORPORATION; and THE MONEY SOURCE, INC.,<br><br>               Defendants. | Case No.: 5:23-cv-05510-NW<br>(Before the Hon. Noël Wise)<br><br>**BETTER MORTGAGE CORPORATION'S MOTION FOR RECONSIDERATION**<br><br>Motion Date: September 10, 2025<br>Time: 9:00 AM<br>Location: Courtroom 3<br><br>Amended Compl. filed: July 30, 2024 |

1  TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that on September 10, 2025 at 9:00 a.m., or as soon thereafter

3 as may be heard in Courtroom 3 in the United States District Court, located at San Jose Courthouse,

4 280 South 1st Street, San Jose, CA 95113, before the Honorable Noël Wise, Defendant Better

5 Mortgage Corporation ("Better") will and hereby does move this Court for reconsideration of the

6 Court's July 17, 2025 Order granting in part and denying in part defendants Better and The Money

7 Source, Inc.'s ("TMS") Motions for Summary Judgment (Doc. 107).

8  This Motion is made pursuant to the Court's August 6, 2025 Order granting Better's Motion

9 for Leave to File Motion for Reconsideration and Civil L.R. 7-9 on the grounds of "manifest

10 failure" by the Court to consider material facts and dispositive legal arguments that Better

11 presented in its Motion for Summary Judgment.

12  This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities

13 set forth below, all the pleadings, records and files herein, those matters of which the Court may

14 take judicial notice, and upon such other oral and documentary evidence as may be presented in

15 connection with this motion.

16 DATED: August 13, 2025

17  **LIPPES MATHIAS LLP**

18  *s/ Berj K. Parseghian*
   Berj K. Parseghian

19

20  *Attorneys for Defendant
   Better Mortgage Corporation*

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Reconsideration of a ruling on a motion for summary judgment is appropriate where the district court "committed clear error or the initial decision was manifestly unjust[.]" *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Similarly, Civil L.R. 7-9 provides that "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before [entry of an] interlocutory order" is grounds for reconsideration. Civil L.R. 7-9(a)(3).

As discussed below, in its July 17, 2025 Order granting in part and denying in part Better and TMS's Motions for Summary Judgment (Doc. 107), the Court failed to consider material facts and three dispositive legal arguments presented in the motions. First, the Court committed manifest error when it concluded that an issue of fact exists as to the reasonableness of TMS's reinvestigation. The only evidence of lack of reasonableness cited in the decision – that TMS's investigation did not reveal Better's October 17, 2021 email that forms the basis of this dispute – is factually incorrect and contradicted by the summary judgment record.

Second, the Court committed manifest error in finding a question of fact regarding whether a willful violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, occurred. The Court's conclusion failed to consider that: (1) Plaintiff abandoned this argument when he failed to respond to Better's arguments on willfulness; and (2) in any event, Plaintiff did not submit any evidence that the reporting was done knowingly or recklessly in disregard of the FCRA.

Third, the Court committed manifest error in concluding that a question of fact exists as to Better's agency relationship with TMS. As detailed below, the Court failed to consider binding case law that requires Plaintiff to produce evidence of TMS's *authority to credit report on Better's behalf* – not merely TMS's authority to collect payments on Plaintiff's loan. Simply put, the Court's conclusion erroneously relied on evidence that is not in the record and was not presented to the Court by any party.

1     The foregoing constitute "manifest failure" by the Court to consider material facts and
2 dispositive legal arguments that Better presented in its Motion for Summary Judgment. Therefore,
3 Better respectfully requests that the Court correct these errors, amend its July 17, 2025 Order and,
4 based upon such corrections, grant summary judgment in favor of Better.

## ARGUMENT

### I. The Court's Conclusion that TMS Did Not Consider Better's October 17, 2021 Email When Investigating Plaintiff's Dispute is Factually Incorrect.

8     The only evidence of lack of reasonableness cited in the Order is that TMS's investigation "did not reveal Better's 'email [that] was the basis for Plaintiff's reasonable belief that automatic payments would be implemented unless he was advised by email that the loan servicing agreement had been transferred to another servicer' Money Source Opp'n at 9" (Doc. 107.) This conclusion is factually incorrect and contradicted by the summary judgment record.

    In support of TMS's motion for summary judgment, it submitted a declaration attaching TMS's "Loan Records," which it described as the computer database containing all acts, transactions, payments, communications, escrow account activity, disbursements, events and analyses with respect to Plaintiff's loan or its loan servicing file. (Doc. 80, ¶ 2). Included in those Loan Records is Better's October 17, 2021 email, the very document the Court said was not reviewed by TMS. (Doc. 80, ¶ 7, Ex. 107; Doc. 107.)

    As TMS explained in its motion for summary judgment, TMS "conducted a thorough investigation of its loan servicing file," (Doc. 76, p. 10), which included the Loan Records described in TMS's declaration and Better's October 17, 2021 email. (Doc. 80, ¶ 20 ("Nothing in the Loan Records or the submitted Dispute indicated any valid reason why XU would be confused about his payments.")). It is undisputed that TMS reviewed the Loan Records, including the October 17, 2021 email from Better, as part of its investigation into Plaintiff's dispute. Therefore, the Court's conclusion that TMS failed to consider Better's October 17, 2021 email is contradicted by the summary judgment record.

    Furthermore, under the FCRA, "[t]he pertinent question is [] whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the

1  description in the CRA's notice of dispute." *Lara v. Experian Info. Sols, Inc.*, 625 F.Supp.3d 1062, 1071 (S.D. Cal. 2022). The notices of dispute that TMS received from TransUnion, which prompted TMS's investigation, reproduced the language from Better's October 17, 2021 email verbatim. (Doc. 80, ¶ 18; Doc. 90, Exs. B and C.) Thus, in addition to TMS's review of Better's October 17, 2021 email as part of its investigation, the notices of dispute also notified TMS of Better's October 17, 2021 email and its content.

As noted by the Court, "[a] furnisher's investigation 'is not necessarily unreasonable because it results in a . . . conclusion [that] turns out to be inaccurate' or incorrect." Order, Doc. 107, at p. 6 (*quoting Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1110 (9th Cir. 2012). "A reasonable investigation 'requires an inquiry likely to turn up information about the underlying facts and positions of the parties, not a cursory or sloppy review of the dispute.'" Order, Doc. 107, at p. 6 (*quoting Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1161 (9th Cir. 2009). "[T]o prove an investigation was unreasonable, a plaintiff must point out some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete.'" *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367 (11th Cir. 2024) (*internal quotation omitted*).

There is no evidence that TMS's investigation "failed to turn up information about the underlying facts and positions of the parties[.]" *Cf. Gorman*, 584 F.3d at 1161. TMS's investigation included the entirety of its Loan Records, including Better's October 17, 2021 email. (Doc. 80, ¶ 7, Ex. 107; Doc. 107). And Plaintiff repeatedly argued his version of the facts to TMS. (*See, e.g.*, Xu Decl., Doc. 83, ¶ 9; Milde Decl., Doc. 84, ¶ 6; Xu Dep., Doc. 79-1, at 41:19-44:7.) Thus, TMS's conclusion that the information reported to the CRAs was accurate is supported by its investigation of all the information relevant to Plaintiff's dispute. (Doc. 76, at p. 10 (listing TMS's determinations).) There is no evidence of lack of reasonableness of TMS's investigation and no basis for a reasonable juror to conclude that TMS's investigation was unreasonable. "Plaintiff[] cannot prevail on [his] FCRA claim merely because [he] disagree[s] with the results of Defendant's investigation." *Llewellyn v. Carrington Mortgage Servs., LLC*, 2023 WL 3734965, at *7 (W.D. Mo. Mar. 31, 2023).

## II. The Court Committed Manifest Error by Overlooking the Absence of Evidence of a Willful or Reckless Disregard of the FCRA's Requirements.

In determining whether there is evidence that Better willfully violated the FCRA, the Court's Order simply states "[i]n reliance on the same evidence discussed above relating to the accuracy of Money Source's report, the nature of Xu's dispute, and the reasonableness of the investigation, Better argues that it did not willfully or negligently violate FCRA. For the same reasons noted by the Court above, Better's request for summary judgment relating to these issues is denied." (Doc. 107.) However, this conclusion fails to address a critical point: Plaintiff did not oppose Better's argument on willfulness at all.

As explained in Better's reply brief, Plaintiff's opposition to Better's motion for summary judgment only addresses Better's argument as to a negligent violation of the FCRA, therefore abandoning the theory of a willful violation. (Doc. 82, pp. 18-22.) *See, e.g., Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (*quoting Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)). The Court's Order did not address Better's argument and found a question of fact despite Plaintiff's failure to oppose Better's argument.

In any event, there is no evidence of a willful violation of the FCRA. To establish a question of fact with respect to a willful violation of the FCRA, there must be some evidence that would permit a reasonable juror to conclude that defendants' purported conduct included taking an "action involving an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Taylor v. First Advantage Background Servs. Corp.*, 207 F.Supp.3d 1095, 1101 (N.D. Cal. 2016) (*citing Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56-60 (2007)). "An investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate." *Jones v. Pennsylvania Higher Educ. Assistance Agency*, 2017 WL 4594078, at *7 n.6 (C.D. Cal. July 24, 2017) (*citing Gorman*, 584 F.3d at 1161). *See also Llewellyn*, 2023 WL 3734965, at *7 ("Plaintiffs cannot prevail on their FCRA claim merely because they disagree with the results of Defendant's investigation."). "[T]o prove an investigation was unreasonable, a plaintiff must point out some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or

incomplete.'" *Holden*, 98 F.4th at 1367 (*internal quotation omitted*). *See also Jones*, 2017 WL 4594078, at *7 n.6 ("Plaintiff does not make it clear what external or internal documentation Defendant would uncover to conclude that she was not liable for the consolidation loan.")

Here, there is no evidence of any deficiency in TMS's investigation – let alone that TMS's investigation was both careless and done with reckless disregard for its statutory duty to investigate. *Cf. Romero v. Monterey Fin. Servs., LLC*, 2021 WL 268635, at *4 (S.D. Cal. Jan. 27, 2021) (granting defendant's motion for summary judgment as to willful violation of the FCRA where "Plaintiff points to no evidence in the record showing willfulness as opposed to mere carelessness."); *Taylor*, 207 F.Supp.3d at 1101. It is undisputed that TMS reviewed the Loan Records, including the October 17, 2021 email from Better, as part of its investigation into Plaintiff's dispute, (Doc. 80, ¶ 7, Ex. 107; Doc. 107), and that Plaintiff repeatedly argued his case to TMS, (*see, e.g.*, Xu Decl., Doc. 83, ¶ 9; Milde Decl., Doc. 84, ¶ 6; Xu Dep., Doc. 79-1, at 41:19-44:7). Plaintiff does not point to any additional facts or documents that TMS should have uncovered as part of its investigation. *Cf. Holden*, 98 F.4th 1367; *Jones*, 2017 WL 4594078, at *7 n.6. Plaintiff merely disagrees with the results of TMS's investigation. This is not sufficient to sustain an FCRA claim. *See, e.g.*, *Jones,* 2017 WL 4594078, at *7 n.6; *Llewellyn*, 2023 WL 3734965, at *7.

The Order overlooks the distinction between the burden of proof for a willful violation versus that for a negligent violation. Accordingly, the Court's conclusion that there is a question of fact as to defendants' willful violation of the FCRA is manifestly erroneous and not supported by the material facts and evidence submitted on summary judgment.

**III.    The Court Committed Manifest Error When It Failed to Consider Better's Argument and Binding Case Law That Requires Plaintiff to Produce Evidence of TMS's Authority <u>as to Credit Reporting</u>.**

Plaintiff's claim against Better is premised entirely on a theory of vicarious liability. Regarding this threshold requirement, the Court found a question of fact, reasoning that "there is not a complete failure of proof concerning Money Source's actual authority to act on behalf of Better." (Doc. 107, p. 12.) The Court's conclusion, however, failed to consider the evidence as to

LIPPES MATHIAS LLP

the scope of TMS's authority and binding case law that limits TMS's agency to the scope that is authorized. *See Am. Soc. of Mech. Eng'rs, Inc. v. Hydrolevel Corp.,* 456 U.S. 556, 566 (1982); *In re Uber Technologies, Inc., Passenger Sexual Assault Litigation,* 754 F.Supp.3d 869, 894 (N.D. Cal. Aug. 15, 2024) ("apparent authority must be based on the acts of the principal and is limited to the scope of responsibility that is apparently authorized") (*quoting Gaines v. Kelly,* 235 S.W.3d 179, 184 (Tex. 2007)); *Blanton v. Womancare, Inc.,* 38 Cal.3d 396, 212 (1985).

This Court previously held that "[a] loan servicer is undoubtedly an agent of the lender whose loan is being serviced." (Doc. 72, at p. 6.) However, as the Court noted in denying Better's Motion to Dismiss, "[t]he question remains . . . how far that agency extends." (*Id.*) The question on summary judgment is not the existence of agency but the scope of it and, more specifically, whether the scope of agency included credit reporting. Here, Plaintiff offered no evidence to raise an issue of fact as to whether TMS was Better's agent for the purpose of credit reporting under either an actual or ostensible agency theory.

Turning first to actual agency, to survive summary judgment, Plaintiff was required to present "evidence of the express agreement *and what the agreement included*" *Jones v. Nat'l Railroad Passenger Corp.*, 2023 WL 3852696, at *4 (N.D. Cal. June 5, 2023) (*emphasis added*). Here, Plaintiff failed to offer any evidence of an express agreement between Better and TMS or its terms. Despite this, the Court concluded that a question of fact exists regarding actual agency because TMS's response to Plaintiff's Request for Production No. 7, which sought agreements between defendants regarding loan servicing, stated that TMS "will produce documents in response and references several documents by bates number." This response, which merely acknowledges the existence of <u>an</u> agreement between Better and TMS, does not establish a question of fact as to whether the scope of TMS's agency included credit reporting.

The Plaintiff has the burden of producing evidence that the alleged agent's authority extends to the particular acts that are at issue in the litigation. *See Jones*, 2023 WL 3852696, at *4; *van't Rood v. County of Santa Clara*, 113 Cal.App.4th 549, 575 (2003); *Gaines,* 235 S.W.3d at 184. The mere existence of some kind of contract or agreement between the alleged principal and agent is insufficient to establish vicarious liability. *Jones*, 2023 WL 3852696, at *4.

Better does not dispute that TMS was Better's agent for the purpose of collecting payments on Plaintiff's loan. However, Plaintiff did not produce any express agreement or any evidence that the terms of any agreement authorized TMS to report credit information with respect to Plaintiff's loan. These facts are similar to the facts in *Jones*, in which the plaintiff pursued defendant Amtrak on the theory that non-party Santa Cruz Metropolitan Transit District (SCMTD) was an agent of Amtrak. Amtrak moved for judgment as a matter of law pursuant to Rule 50(a). In granting Amtrak's motion on the issue of actual agency, the Court noted that "there is testimony of some kind of contract or agreement between SCMTD and Amtrak related to operation of the Hwy 17 Bus, but the contents of the agreement are not in evidence." *Jones*, 2023 WL 3852696, at *4. The Court held that "[w]ithout evidence of the express agreement and what the agreement included, there is insufficient evidence of conduct or words creating an agency relationship for purposes of finding Amtrak liable for the negligence of SCMTD or its employees." *Id. Accord van't Rood*, 113 Cal.App.4th at 575.

Like the plaintiff in *Jones*, Plaintiff here failed to produce any evidence of defendants' alleged agency relationship for the purposes of credit reporting. As such, Plaintiff failed to meet his burden. The Court's inference that additional documents might exist somewhere based on TMS's discovery response is contrary to the evidence and, in any event, insufficient to create an issue of fact.

With respect to ostensible agency, the Court committed manifest error when it found "a genuine dispute regarding the material fact of whether Better manifested an intent to authorize Money Source as its agent for credit reporting." (Doc. 107, p. 13). In reaching this conclusion, the Court noted that Better made multiple representations to Plaintiff before and after TMS's credit reporting. (*Id.*). While this is true, this rationale misses the mark. The question is not whether Better made representations generally to Plaintiff, but whether Better's manifestations to Plaintiff related to Better's ability to control TMS's conduct for the purposes of *credit reporting*. *See Am. Soc. of Mech. Eng'rs, Inc.,* 456 U.S. at 566 (1982); *In re Uber Technologies, Inc.,* 754 F.Supp.3d at 894; *Blanton,* 38 Cal.3d at 212.

- 9 -
**BETTER MORTGAGE CORPORATION'S MOTION FOR RECONSIDERATION - 23-cv-05510-NW**

1    Further, Plaintiff was required to submit evidence that demonstrates his reliance on such a
2 representation and change of position based on a belief that TMS was Better's agent for *credit*
3 *reporting*. *See Van Maanen v. Youth With a Mission-Bishop*, 852 F. Supp. 2d 1232, 1250 (E.D.
4 Cal. 2012) (*quoting J.L. v. Children's Instit., Inc.*, 177 Cal.App.4th 388, 405 (2009)) ("'there is
5 rarely any basis on which the principal may be held liable in tort for the acts of an ostensible agent.
6 The essential element of reliance on the misrepresentations or conduct of the principal is usually
7 lacking.'") No such evidence was submitted on summary judgment. (Doc. 78, pp. 8-9.) Despite
8 this, the Court concluded that a question of fact exists because Plaintiff's purported belief that he
9 had enrolled in automatic payments was what led him to miss his payment and led to the negative
10 reporting by TMS. (Doc. 107, p. 14.) But this does not show how Plaintiff changed his position to
11 his detriment based on a belief that TMS was acting as Better's agent for *credit reporting*. *See,*
12 *e.g.*, *Jones*, 2023 WL 3852696, at *5 ("[T]here is no evidence that Plaintiff relied upon an
13 understanding that Amtrak was responsible for the bus operation *and such reliance caused her*
14 *injury*."); *Hart v. Delta Air Lines, Inc.*, 2018 WL 1087846, at *3 (C.D. Cal. Feb. 22, 2018) ("Even
15 if Plaintiff's belief that Delta operated the flight were reasonable, Plaintiff has not proffered
16 evidence that she relied on Delta's representations and changed her position to her detriment in
17 reliance on that representation.").

18    Here, Plaintiff's FCRA claim is premised on the allegation that "TMS refused to correct
19 the inaccurate and incomplete reporting to the credit reporting agencies by modifying, deleting, or
20 blocking the derogatory report based on the information provided by plaintiff." (Doc. 54, at ¶¶ 19-
21 20.) In this regard, the conduct relied on by the Court in finding a question of fact does not relate
22 to an agency relationship regarding credit reporting. There is no evidence that Plaintiff changed
23 his position in any way based on a belief that TMS was acting as Better's agent as to credit
24 reporting. Accordingly, the Court's conclusion that there is a question of fact as to the existence of
25 an ostensible agency relationship between defendants related to credit reporting is not supported
26 by the material facts and evidence submitted on summary judgment.

## CONCLUSION

For the foregoing reasons, Defendant Better Mortgage Corporation respectfully requests that the Court grant its Motion for Reconsideration, correct the foregoing errors in its July 17, 2025 Order and, based upon such corrections, grant summary judgment in favor of Better.

DATED: August 13, 2025

**LIPPES MATHIAS LLP**

*s/ Berj K. Parseghian*
Berj K. Parseghian
*Attorneys for Defendant Better Mortgage Corporation*