Breck E. Milde (Bar No. 122437)
bmilde@terralaw.com
TERRA LAW LLP
333 W. Santa Clara St., Suite 620
San Jose, California 95113
Telephone: (408) 299-1200

Attorneys for Plaintiff
Jing Xu

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JING XU,<br><br>    Plaintiff,<br><br>vs.<br><br>BETTER MORTGAGE CORPORATION, a California corporation, and THE MONEY SOURCE, INC., a New York corporation,<br><br>    Defendants. | Case No. 5:23-CV-05510-NW<br><br>**PLAINTIFF JING XU'S OPPOSITION TO DEFENDANT BETTER MORTGAGE CORPORATION'S MOTION FOR RECONSIDERATION**<br><br>Date:     September 10, 2025<br>Time:    9:00 a.m.<br>Location: Courtroom 3, 5th Floor<br>            280 S. 1st St.<br>            San Jose, CA 95113<br>Judge:   Hon. Noël Wise |

Plaintiff Jing Xu ("Plaintiff") opposes the Motion for Reconsideration filed on behalf of defendant Better Mortgage Corporation ("BMC"), joined by defendant The Money Source, Inc. ("TMS") as follows:

**I.     INTRODUCTION**

BMC's last-ditch effort to escape liability for its violation of the FCRA is based on fabricated "facts" and misstatements of the law. BMC baselessly attacks the Court's Order Denying in Part and Granting in Part Motions for Summary Judgment entered on July 17, 2025, ECF No. 107 ("Order"), on the grounds that the Court "committed manifest error" by failing to consider a "fact" that does not exist or to consider BMC's previously rejected legal arguments.

1

1   BMC's frivolous and ill-considered motion is easily refuted and is a waste of the Court's
2   time and resources. As discussed below, the motion should be denied.

3   **II.    ARGUMENT**

4   **A.    There Are No Grounds to Reconsider the Court's Order**

Federal Rule of Civil Procedure 59 "permits a district court to reconsider and amend a previous order." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The Ninth Circuit has cautioned, however, that this Rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id*. (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).  A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id*.

The Court should not indulge BMC's meritless motion. There are no "highly unusual circumstances" justifying an extraordinary remedy. There is no new evidence. The Court did not commit clear error. There is no change in the law. BMC could and did raise the same issues that it now attempts to relitigate. This is an improper use of the Rule, and the motion should be denied on that basis.

**B.    BMC's Motion Has No Evidentiary Support**

BMC argues that there are no disputed material facts as to the issue of whether Defendants undertook a reasonable investigation, because the Court concluded that TMS had not reviewed the October 7, 2021 email which was the basis for Plaintiff's reasonable belief that automatic payments would be implemented unless he was advised by email that the loan servicing had been transferred to another servicer. BMC avers that the email was included in the "Loan Records" attached to the declaration filed in support of TMS' motion for summary judgment. EFC No. 80.

The TMS declarant purports to authenticate the October 7, 2021 email attached as Exhibit

107 to the declaration. *Id*., at ¶7. However, the attached document is a copy of a document produced by Plaintiff in this case, Bates stamp nos. XU 00007-9. It was not produced by TMS as part of the "Loan Records" that it agreed to produce in response to Plaintiff's Request for Production of Documents. See Declaration of Breck E. Milde in Support of Opposition to Defendant Better Mortgage Corporation's Motion for Reconsideration filed and served herewith.

BMC's position, joined by TMS, is based on false evidence. This attempted fraud on the Court is sufficient alone to support denial of the motion for reconsideration.

As the Court pointed out when it denied Defendants' motions for summary judgment, "the fact Money Source investigated its own file, with nothing more, does not mean its investigation was reasonable." ECF No. 107 at 7:8-9. Also, as Plaintiff pointed out in his opposition, TMS submitted no evidence to indicate that it communicated with Plaintiff directly or with any CRA about the substance of the dispute. EFC No. 80, ¶¶ 18-19.

The Court's denial of Defendants' motions for summary judgment was and still is correct. The Court did not commit "manifest error" by failing to consider false information proffered in support of the motions. The motion for reconsideration should be denied.

### C. The Court Should not Consider New, Inapposite Legal Authority Submitted by BMC

BMC cites *Holden v. Holiday Inn Club Vacations Inc*., 98 F.4th 1359, 1367 (11th Cir. 2024) for the proposition that "to prove an investigation was unreasonable, a plaintiff must point out 'some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete." BMC again argues that TMS fulfilled its investigative duty because it reviewed its own files, "including Better's October 17, 2017 email." As discussed above, that premise is without evidentiary support.

BMC could have argued the *Holden* case when it filed its original motion for summary judgment, or its reply brief. It did not. It waited until its motion for reconsideration. BMC offers no explanation for why it should be allowed to raise new arguments that it could have made earlier.

*Holden* is clearly inapplicable anyway. The issue in that case was not whether the

1  furnisher of information, a timeshare seller, failed to reasonably investigate before it reported the
2  defaulted purchasers as being delinquent. The issue was "whether the alleged inaccuracy was
3  objectively and readily verifiable. Here it was not." *Id.*, at 1363.

> The problem for Holden and Mayer is that the alleged inaccurate information is not objectively and readily verifiable because it stems from a contractual dispute without a straightforward answer. It may be true, as some of our sister circuits have reasoned, that "the furnisher of credit information stands in a far better position to make a thorough investigation of a disputed debt than [a consumer reporting agency] does." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1156 (9th Cir. 2009); accord *Mader v. Experian Info. Sols., Inc*., 56 F.4th 264, 271 (2d Cir. 2023)

*Id.*, at 1368.

This Court properly applied controlling Ninth Circuit precedent, i.e., *Gorman*. Order at 6:20-7:1. The Court correctly determined that disputed issues of fact precluded summary judgment on the issue of the reasonableness of TMS' investigation. See Order at 7:4-15. Nothing BMC has offered changes this conclusion.

### D. BMC Cites no Authority to Suggest That The Court's Denial of its Motion for Summary Judgment as to the FCRA Claims was Erroneous

The Court denied BMC's motion on the grounds that there were disputed issues of fact as to whether it negligently or willfully violated the FCRA. BMC seems to argue that the Court should parse the FCRA violation and rule that it may not be held liable for a willful violation, only a negligent violation. No authority is provided for this proposition. Instead, BMC cites *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008), a case which addressed "whether prison officials violated the Religious Land Use and Institutionalized Persons Act, the Free Exercise Clause, and the Equal Protection Clause by denying a Muslim inmate's request for a religious dietary accommodation." *Id.*, at 881. Obviously, this has nothing to do with the FCRA issue for which it is cited.

### E. BMC Cites no Authority to Suggest That The Court's Denial of its Motion for Summary Judgment as to its Agency Liability was Erroneous

BMC repeats the same argument and cites the same authorities that it presented in support of its motion for summary judgment. The Court considered BMC's argument, and denied

the motion, finding that summary judgment was not appropriate because issues of fact concerning the scope of the agency relationship were in dispute. BMC, not liking the Court's ruling, simply wants another bite at the apple. This is not an appropriate basis for reconsideration. A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Unlike BMC, Plaintiff will not repeat the legal argument that he previously submitted. The factual support was summarized as follows:

> At all relevant times, it was Plaintiff's understanding and belief that TMS acted as BMC's agent and representative with all aspects of the refinancing loan that Plaintiff obtained from BMC, including reports to credit reporting agencies. BMC expressly designated TMS as its loan servicer. BMC told Plaintiff to set up his on-line account with TMS. BMC told Plaintiff that if it (TMS) retained the servicing for his loan, it would activate automatic payments. BMC told Plaintiff that if it transferred the loan to another servicer, it would send him an email to let him know. None of that happened. After Plaintiff found out about the negative credit reporting, he communicated with TMS/BMC in an attempt to get them to correct his credit report. They refused to do so. BMC equated itself with its loan servicer, TMS, even when it directed Plaintiff to set up an account with TMS. BMC's communications and conduct caused Plaintiff to believe that TMS acted as BMC's agent, and that TMS was authorized to act on its behalf. BMC apparently approved and ratified TMS' actions through its conduct. BMC has never indicated that it did not agree with TMS's inaccurate reporting to the credit reporting agencies or its refusal to correct the problem that resulted from BMC's misleading directions.

Plaintiff's Opp. to MSJ, ECF No. 82 at 5:17-6:2.

BMC apparently argues that TMS, as its authorized loan servicer, acted as its agent in all respects, *other than credit reporting*. Defendants submitted no evidence to support this remarkable proposition. There is no contract that disclaims BMC's lack of consent for TMS to act as its agent with respect to credit reporting. Even absent such a contract, the fact that BMC ratified TMS' conduct is sufficient to establish agency.

Inferences drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Tolan v. Cotton,* 572 U.S. 650, 651, 134 S.Ct. 1861, 1863 (2014) —"in ruling on a motion for summary judgment, [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor" (brackets in original; internal quotes omitted);

1  *Eastman Kodak Co. v. Image Technical Services, Inc.*, 504 U.S. 451, 456, 112 S.Ct. 2072, 2077;
2  (1992).
3       Of course BMC authorized TMS to act as its agent for credit reporting. This
4  manifestation of consent can be either by express contract or authorization, or "created
5  informally based on the circumstances and the parties' conduct."  *Hoffmann v. Young*, 13 Cal.
6  5th 1257, 1274 (2022), (citing Cal. Civ. Code § 2307; *Brand v. Mantor*, 6 Cal. App. 2d 126, 130
7  (1935)).  "An agent's authorized, as well as unauthorized but ratified, acts are imputed to its
8  principal." *See News Am. Mktg., Inc. v. LePage Bakeries, Inc.*, 16 A.D.3d 146, 791 N.Y.S.2d 80,
9  82 (N.Y.App.Div.2005) ("Generally, principals are liable for the acts of their agents performing
10 within the scope of their apparent authority."). *In re USA Com. Mortg. Co.*, 802 F. Supp. 2d 1147,
11 1160 (D. Nev. 2011).
12      The Court denied BMC's motion to dismiss based on its agency theory of non-liability.
13 EFC No. 72, Order Granting in Part and Denying in Part Motion to Dismiss at 6:13-7:1. The
14 Court denied BMC's motion for summary judgment, similarly finding that disputed issues of fact
15 existed regarding BMC's actual or ostensible agency status. Order at 12:1-14:15. BMC has
16 submitted no new facts, law or argument that suggest that the ruling was improper. BMC's
17 motion for reconsideration should be denied.

### III. CONCLUSION

Based on the argument set forth above, Plaintiff Jing Xu respectfully requests that defendant Better Mortgage Corporation's Motion for Reconsideration be denied.

Dated:  August 20, 2025                                 TERRA LAW LLP


                                                        By:____/s/  Breck E. Milde_____
                                                            Breck E. Milde
                                                            Attorneys for Plaintiff Jing Xu

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies, on August 20, 2025, a copy of the following document:

1) Plaintiff Jing Xu's Opposition to Defendant Better Mortgage Corporation's Motion for Reconsideration

together with all exhibits if any, was served electronically to all parties on the above-captioned matter through the ECF system at the electronic address on file with the Clerk's Office and by emailing the same to all parties at the email addresses that are indicated below.

| | |
|---|---|
| Berj K. Parseghian<br>Lippes Mathias LLP<br>260 Madison Ave., 17th Floor<br>New York, NY 10016<br>(332) 345-4500<br>bparseghian@lippes.com | Valerie Jean Schratz<br>Hall Griffin LLP<br>1851 E. First St., 10th Floor<br>Santa Ana, CA 92705-4052<br>(714) 918-6996<br>vschratz@hallgriffin.com |

Dated:  August 20, 2025         By:      /s/ Breck E. Milde
                                    Breck E. Milde
                                    TERRA LAW LLP
                                    333 W. Santa Clara St., Suite 620
                                    San Jose, CA 95113
                                    Phone:  (408) 299-1200
                                    Email: bmilde@terralaw.com

                                    Attorneys for Plaintiff Jing Xu

**PLAINTIFF JING XU'S OPPOSITION TO DEFENDANT BETTER MORTGAGE CORPORATION'S MOTION FOR RECONSIDERATION**