UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JING XU,<br><br>        Plaintiff,<br><br>    v.<br><br>BETTER MORTGAGE CORPORATION, et al.,<br><br>        Defendants. | Case No. 23-cv-05510-NW<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING MOTION FOR JOINDER**<br><br>Re: ECF No. 110, 111 |

On August 18, 2025, Defendant Better Mortgage Corporation ("Better") filed a motion for reconsideration of the Court's order denying in part and granting in part its motion for summary judgment. ECF No. 110. Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES the motion.

**I.   MOTION FOR JOINDER**

After Better requested and was granted leave to file a motion for reconsideration, Defendant The Money Source ("Money") asked to join portions of Better's motion. Mot. for Joinder, ECF No. 111. Having considered the motion and the relevant legal authority, the Court GRANTS the motion for joinder. The arguments encapsulated in Money's motion will be considered joined.

**II.   BACKGROUND**

The factual background of this case has been outlined in previous orders and will not be repeated in detail here. *See* ECF Nos. 72, 107. In short, the parties' dispute arises out of Money's reporting of Xu's loan delinquency to Trans Union credit bureau in early January 2022.

On July 17, 2025, the Court denied in part and granted in part Better and Money's motions

1  for summary judgment. Order Denying in Part and Granting in Part Mots. For Summ. J., ECF No.
2  107 ("Order"). Better sought leave to file a motion for reconsideration of the Order on August 5,
3  2025. The Court granted Better leave and set a briefing schedule. ECF No. 109. On August 13,
4  2025, Better filed its motion for reconsideration. Mot. for Recons., ECF No. 110 ("Motion"). Xu
5  opposed. Opp'n, ECF No. 112. Better then filed its reply on August 25, 2025. Reply, ECF No.
6  113.

### III. LEGAL STANDARD

Civil Local Rule 7-9 provides a procedure whereby a litigant dissatisfied with an interlocutory ruling may seek leave to file a motion for reconsideration. *Meas v. City & Cnty. of San Francisco*, 681 F. Supp. 2d 1128, 1143 (N.D. Cal. 2010); *see also* Fed. R. Civ. P. 54(b). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. *See* Civil L.R. 7-9(b). Motions for reconsideration are generally disfavored and are not the place for parties to make new arguments not raised in their original briefs. *Arakji v. Microchip Tech., Inc.*, No. 19-CV-02936-BLF, 2019 WL 5626265, at *1 (N.D. Cal. Oct. 31, 2019). Nor shall they be used to ask the Court to rethink what it has already thought. *Garcia v. City of Napa*, No. C-13-03886 EDL, 2014 WL 342085, at *1 (N.D. Cal. Jan. 28, 2014); Civ. L.R. 7-9(c).

### IV. DISCUSSION

Better disagrees with the Court's Order for three reasons: (1) in denying summary judgment as to the reasonableness of the investigation conducted after the reporting, the Court failed to consider the full record, (2) the Court overlooked the absence of evidence of a willful or reckless disregard of the Fair Credit Reporting Act's ("FCRA") requirements, and (3) the Court failed to consider the argument that Xu failed to produce evidence in support of his agency theory

2

of liability. Motion at 4-10.[1] All three lack merit.

First, Better misconstrues the Order in stating "[t]he only evidence of lack of reasonableness cited in the Order is that [Money]'s investigation 'did not reveal Better's "email [that] was the basis for Plaintiff's reasonable belief that automatic payments would be implemented unless he was advised by email that the loan servicing agreement had been transferred to another servicer."'" Motion at 4. Better is incorrect. Money's failure to find Better's email during the investigation was not "[t]he only evidence of [a] lack of reasonableness." *Id.* Nor was it the sole basis for "the Order's conclusion that [Money]'s investigation was not reasonable." Reply at 3. In fact, the Order did not conclude that Money's investigation "lacked reasonableness" or was "not reasonable." The Order states "[v]iewing this evidence and the inferences to be drawn from i[t] a light most favorable to Xu, the nonmoving party, ***more than one conclusion about Money Source's conduct is possible***." Order at 7 (emphasis added). Indeed, the Court denied "summary judgment as to the reasonableness of the investigation and ***reserves questions of reasonableness for the jury***." *Id.* (emphasis added).

Better's selective reading of the Order does not manufacture a "manifest failure by the Court to consider material facts." Civ. L.R. 7-9(b). As such, Better's Motion is DENIED on this issue.

The Court also notes, as reflected in Better's quote of the Order in its Motion, the portion of the Order that Better disputes is a direct quote from Xu's opposition to Money's motion for summary judgment rather than a factual finding by the Court. Nonetheless, to clarify the record, the Court strikes that portion of its Order. However, even if Money's investigation revealed the email that was the source of Xu's confusion regarding his loan payments, viewing all the evidence and the inferences to be drawn from it in the light most favorable to Xu, the nonmoving party, more than one conclusion about Money's conduct is possible and thus the Court reserves questions of reasonableness for the jury.

Second, Better's argument that "there is no evidence of a willful violation of the FCRA"

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

lacks merit.  Motion at 6.  In sum, Better asks the Court to adopt its version of the truth rather than proceed to trial.  This the Court will not do.

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Id.* at 249.  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."  *Id.* at 255.  The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-252.

In its summary judgment motion, Better makes two arguments in support of its assertion that it did not willfully violate the FCRA: (1) Xu lacks "evidence to support holding Better directly or vicariously liable for willfully failing to conduct a reasonable investigation or reporting incomplete or inaccurate information," and (2) because Money's "investigation of Plaintiff's dispute was reasonable and, thus, its continued reporting of Plaintiff's missed payment is not cognizable under the FCRA."  Mot. for Summ. J. at 20, ECF No. 78.  The first argument is an extension of Better's agency argument discussed below.  The second is revisited in Better's motion for reconsideration.  Better's recycled argument violates Civil Local Rule 7-9(c)'s prohibition on the repetition of argument.  *See* Civ. L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have

reconsidered.").

Regardless, the Court will give Better the benefit of clarifying its Order. In support of its premise that Money conducted a reasonable investigation, Better identifies several facts. Mot. for Summ. J. at 21, ECF No. 78. Better then concludes from these facts that "there is no evidence of any deficiency in [Money]'s investigation-- let alone that [Money]'s investigation was both careless and done with reckless disregard for its statutory duty to investigate." Motion at 7. Xu disagrees not only with Better's interpretation of the facts, but notes that Better's narrative "glaringly omits crucial facts and documents." Mot. for Summ. J. Opp'n at 8, ECF No. 82. Thus, the evidence is not "so one-sided that [Better] must prevail as a matter of law." *Anderson*, 477 U.S. at 251-252. Indeed, on summary judgment, it is not the Court's function "to weigh the evidence and determine the truth of the matter." *Id.* at 249. This is a jury function, as is drawing the legitimate inference from the facts that Better and Xu proffer. Thus, "[v]iewing the evidence and the inferences to be drawn from [it] in a light most favorable to Xu, the nonmoving party, more than one conclusion about Money Source's conduct is possible" and the Court reserves questions of willfulness for the jury. Order at 7. Because summary judgment was properly denied, Better's Motion for reconsideration on this issue is DENIED.

Third and finally, Better's assertion that the Order "failed to consider the evidence as to the scope of [Money]'s authority and binding case law that limits [Money]'s agency to the scope that is authorized" again violates Civil Local Rule 7-9(c)'s prohibition on the repetition of argument from Better's summary judgment motion. It is also simply not true. Rather than failing to consider evidence and case law, the Order states that "[v]iewing th[e] evidence and the inferences to be drawn from them in a light most favorable to Xu, a reasonable jury could find Money Source was authorized to act as Better's agent for numerous purposes related to serving Xu's loan, including credit reporting." Order at 14. Again, Better's interpretation of the evidence does not control at the summary judgment stage; the evidentiary record in this case "presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-252.

\ \ \

\ \ \

## V. CONCLUSION

For the forgoing reasons, the motion for reconsideration is DENIED in full.

**IT IS SO ORDERED.**

Dated: September 10, 2025

Noël Wise
United States District Judge