Breck E. Milde (Bar No. 122437)
bmilde@terralaw.com
TERRA LAW LLP
333 W. Santa Clara St., Suite 620
San Jose, California 95113
Telephone:  (408) 299-1200

Attorneys for Plaintiff
Jing Xu

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JING XU,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BETTER MORTGAGE CORPORATION, a California corporation, and THE MONEY SOURCE, INC., a New York corporation,<br><br>                    Defendants. | Case No. 5:23-CV-05510-NW<br><br>**MOTIONS IN LIMINE**<br><br>Pretrial Conference: October 15, 2025<br>Time:   2:00 p.m.<br>Place:   Courtroom 3, 5th Floor<br>Judge:  Honorable Noël Wise |

1.  PLAINTIFF JING XU'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF FEDERAL INCOME TAX INFORMATION AND PROPERTY TAXES (NO OPPOSITION)

2.  PLAINTIFF JING XU'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF CONFIDENTIAL SETTLEMENT WITH BETTER MORTGAGE CORPORATION (NO OPPOSITION)

3.  MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF DAMAGES RELATED TO INCOME PROPERTIES; DECLARATION OF BRIAN STEWART

4.  PLAINTIFF JING XU'S OPPOSITION TO THE MONEY SOURCE'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF DAMAGES RELATED TO INCOME PROPERTIES

5.  MOTION IN LIMINE NO. 2 TO EXCLUDE THOMAS FAN; JOANNE GONZALES; ALEX MARTINEZ; ZHANG YASHI  AND HEARSAY TESTIMONY OF STATEMENTS MADE BY BANK EMPLOYEES; DECLARATION OF BRIAN STEWART

6.  PLAINTIFF JING XU'S OPPOSITION TO THE MONEY SOURCE'S MOTION IN LIMINE NO. 2 TO EXCLUDE THOMAS FAN; JOANNE GONZALES; ALEX MARTINEZ; ZHANG YASHI  AND HEARSAY TESTIMONY OF STATEMENTS MADE BY BANK EMPLOYEES

# Plaintiff's Motion in Limine No. 1

## (No Opposition)

1  Breck E. Milde (Bar No. 122437)
   bmilde@terralaw.com
2  TERRA LAW LLP
   333 W. Santa Clara St., Suite 620
3  San Jose, California 95113
   Telephone:  (408) 299-1200
4
   Attorneys for Plaintiff
5  Jing Xu

6

7

8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12 JING XU,                          Case No. 5:23-CV-05510-NW

13              Plaintiff,           **PLAINTIFF JING XU'S MOTION IN
                                     LIMINE NO. 1 TO EXCLUDE
14      vs.                          EVIDENCE OF FEDERAL INCOME
                                     TAX INFORMATION AND PROPERTY
15 BETTER MORTGAGE CORPORATION, a    TAXES**
   California corporation, and THE MONEY
16 SOURCE, INC., a New York corporation,  Pretrial Conference: October 9, 2025
                                     Time:   9:00 a.m.
17              Defendants.          Place:  Courtroom 3, 5th Floor
                                     Judge:  Honorable Noël Wise
18

19

20

21        Plaintiff Jing Xu ("Plaintiff") hereby moves this Court, in limine, for an order precluding

22 defendants Better Mortgage Corporation ("BMC") or The Money Source ("TMS") (collectively

23 "Defendants") their agents, witnesses, and attorneys from putting on evidence of, referring to,

24 alluding to, discussing, or mentioning Plaintiff's federal income tax-related documents or

25 property tax-related documents.

26        Defendant BMC, in its proposed exhibit list, has listed (1) "Internal Revenue Service

27 Record of Account" (Exh. 134, BMC000824-834), and (2) Secured Tax Bills for 2018-2022

28 issued by the Santa Clara County Department of Tax and Collections (SCC DTAC) (Exhs. 135-

                                           1

140.) The IRS document is privileged. The property tax documents, which were never produced in discovery, are irrelevant to the question of whether Defendants may be held liable for violating the Fair Credit Reporting Act. Even if minimally relevant, the probative value of such documents "is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R. Evid. 403.

The IRS Record of Account was obtained by BMC at the time Plaintiff applied for his home loan and shows all of the information included in Plaintiff's federal income tax return for the year ending December 31, 2020.The IRS notes at the beginning and end of the document: "This Product Contains Sensitive Taxpayer Data." The California Supreme Court has long recognized that tax returns are privileged. *Webb v. Standard Oil Co*. 49 Cal.2d 509 (1957). Disclosure of Plaintiff's private tax information would also violate his right to financial privacy as provided in Aricle I, section 1, of the California Constitution. The tax information is totally irrelevant to any issues involved in this case.

Defendants apparently seek to introduce the SCC DTAC documents to show that he did not pay his property taxes timely. Again, this is irrelevant to the question of whether Defendants may be held liable under the FRCA. The major credit bureaus (Equifax, Experian, and TransUnion) removed tax liens and other public record data from credit reports starting in 2017 and 2018. This resulted from the National Consumer Assistance Plan (NCAP) 2015 agreement between the three major credit bureaus and state attorneys general. The SCC DTAC specifically states on its website that it does not report past-due property taxes directly to credit reporting agencies. Since the property tax information was not reported, it has no impact whatsoever on Plaintiff's credit score, his damages, or Defendants' liability under the FCRA. Furthermore, admission of such evidence should be excluded under Rule 403. See *United States v. Martin*, 796 F.3d 1101, 1105-1107 (9th Cir. 2015).

Dated:  September 23, 2025                    TERRA LAW LLP


                                             By:___/s/  Breck E. Milde_____
                                                     Breck E. Milde
                                             Attorneys for Plaintiff Jing Xu

# Plaintiff's Motion in Limine No. 2

# (No Opposition)

1
2
3
4
5

Breck E. Milde (Bar No. 122437)
bmilde@terralaw.com
TERRA LAW LLP
333 W. Santa Clara St., Suite 620
San Jose, California 95113
Telephone:  (408) 299-1200

Attorneys for Plaintiff
Jing Xu

6
7
8
9
10
11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

12
13
14
15
16
17
18
19

JING XU,

                    Plaintiff,

          vs.

BETTER MORTGAGE CORPORATION, a
California corporation, and THE MONEY
SOURCE, INC., a New York corporation,

                    Defendants.

Case No. 5:23-CV-05510-NW

**PLAINTIFF JING XU'S MOTION IN
LIMINE NO. 2 TO EXCLUDE
EVIDENCE OF CONFIDENTIAL
SETTLEMENT WITH BETTER
MORTGAGE CORPORATION**

Pretrial Conference: October 15, 2025
Time:   2:00 p.m.
Place:   Courtroom 3, 5th Floor
Judge:  Honorable Noël Wise

20
21
22
23
24
25
26
27
28

          Plaintiff Jing Xu ("Plaintiff") hereby moves this Court, in limine, for an order precluding

defendant The Money Source ("TMS") its agents, witnesses, and attorneys from putting on

evidence of, referring to, alluding to, discussing, or mentioning the confidential settlement

between Plaintiff and defendant Better Mortgage Corporation ("BMC").

          In the course of meeting and conferring prior to the final pretrial conference in this case,

Plaintiff and BMC reached an agreement in principle to settle all claims between them in this

matter and are in the process of memorializing the settlement terms in a written agreement.

Notice of Settlement has been filed with the Court. It is anticipated that TMS may seek to

1  introduce evidence of the settlement in the course of the trial scheduled to commence on October

2  28, 2025.

3       Evidence pertaining to the confidential settlement of Plaintiff's Fair Credit Reporting Act

4  (FCRA) claims is not relevant and would be highly prejudicial. Fed.R. Evid. 401, 403.

5       A settlement with one defendant in a FCRA case does not entitle other defendants to an

6  offset against the plaintiff's damages for the amount paid by the settling defendant. Courts have

7  consistently held that there is no right to offset or contribution under the FCRA, whether express

8  or implied, and federal common law does not create such a right. See e.g. *Nelson v. Equifax*

9  *Information Services, LLC*, 522 F.Supp.2d 1222, 1239 (C.D.Cal.2007) (no equitable offset

10 available under the FCRA); *Kay v. First Continental Trading, Inc.*, 966 F.Supp. 753, 754–55

11 (N.D.Ill.1997) (right to contribution for violations of FCRA is matter of federal law; contribution

12 not an available remedy); *Irwin v. Mascott,* 94 F.Supp.2d 1052, 1058 (N.D.Cal.2000) (no express

13 or implied right to contribution or indemnification under Fair Debt Collection Practices Act); see

14 also *Brim v. Midland Credit Management, Inc.* 795 F.Supp.2d 1255, 1266 (N.D. Ala. 2011);

15 *Close v. Account Resolution Services*, 557 F.Supp.3d 247, 251 (D. Mass. 2021).

16      Furthermore, a "strong public policy favoring settlement of disputed claims dictates that

17 confidentiality agreements regarding such settlements not be lightly abrogated." *Thomasian v.*

18 *Wells Fargo Bank, N.A*., No. 03:12-cv-01435-HU, 2013 WL 4498667, at *2 (D. Or. Aug. 22,

19 2013) (citation omitted); *Close v. Account Resolution Services*, 557 F.Supp.3d at 250.

20      Based on the above, an Order should issue, in limne, precluding TMS, its agents,

21 witnesses, and attorneys from putting on evidence of, referring to, alluding to, discussing, or

22 mentioning the confidential settlement between Plaintiff and BMC in this case.

23

24 Dated:  September 24, 2025                    TERRA LAW LLP

25

26                                By:____/s/  Breck E. Milde_____
                                       Breck E. Milde
27                                Attorneys for Plaintiff Jing Xu

28

Defendant's Motion in Limine No. 1

HALL GRIFFIN LLP
VALERIE J. SCHRATZ, State Bar No. 272418
  *vschratz@hallgriffin.com*
BRIAN P. STEWART, State Bar No. 147718
  *bstewart@hallgriffin.com*
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for Defendant
THE MONEY SOURCE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| JING XU,<br><br>        Plaintiff,<br><br>     vs.<br><br>BETTER MORTGAGE CORPORATION, a California corporation, and THE MONEY SOURCE, INC., a New York corporation,<br><br>        Defendants. | CASE NO. 5:23-cv-05510-NW<br><br>JUDGE:  Hon. Noël Wise<br>CTRM.:  3<br><br>**MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF DAMAGES RELATED TO INCOME PROPERTIES; DECLARATION OF BRIAN STEWART**<br><br>DATE:    October 27, 2025<br>TIME:    9:00 a.m.<br>CTRM.:   3<br><br>ACTION FILED:    October 25, 2023<br>TRIAL DATE:      October 27, 2025 |

## I.     INTRODUCTION

This action arises from a dispute related to Plaintiff JING XU's ("Plaintiff" or "Xu") failure to timely make his mortgage payments and his loan servicer subsequently reporting this failure to a consumer reporting agency ("CRAs").  Xu admits that he did not make his scheduled loan payments timely.  However, he contends that the negative credit reporting violates the Fair Credit Reporting Act ("FCRA") as misleading because it fails to include

HALL GRIFFIN

facts related to the reason Xu failed to make the payment on time.  Based upon his Initial Rule 26 Disclosures, Xu is expected to attempt to claim damages arising from, *inter alia,* his inability to purchase an income property in Arvada, Colorado and the difference between interest rates on his purchase of an income property at 405 Wakewa Avenue, South Bend Indiana.

As this Court has acknowledged, damages for loss of credit opportunities related to investment properties are not recoverable under the FCRA because they are not related to damages suffered for individual consumer purposes.  The Court held the same in its July 17, 2025 Order, granting in part and denying in part, Defendants' Motion for Summary Judgment. (Doc. 107).

As detailed further below, Xu has admitted that the two subject transactions for which he seeks damages were for investment/income properties.  As such, these transactions are irrelevant to Xu's claims under the FCRA and any attempt to proffer evidence or elicit testimony regarding these two properties is improper and highly prejudicial to the Defendants.

## II.    <u>LEGAL STANDARD</u>

"A party may use a motion *in limine* to exclude inadmissible or prejudicial evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)" *Manoukian v. BMW of N. Am., LLC*, 2023 U.S. Dist. LEXIS 46509, *2.  Motions in limine serve as procedural mechanisms "to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). The decision on a motion in limine is committed to the district court's discretion, including the decision of whether to reserve ruling until trial. *See United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). Motions in limine "should not be used to resolve factual disputes or weigh evidence." *BNSF R.R. v. Quad City Testing Lab., Inc.*, 2010 U.S. Dist. LEXIS 113888, at *1 (D. Mont. Oct. 26, 2010).

Federal Rules of Evidence Rule 401 provides that evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without that evidence; and

.4897-3016-8164.1

1  (b) the fact is of consequence in determining the action.  Accordingly, irrelevant evidence is

2  not admissible.  *Blockchain Innovation, LLC v. Franklin Resources, Inc.*, 2025 WL 1002798,

3  at *1 (N.D. Cal., Apr. 3, 2025).  Specifically, evidence not related to any matter at issue in

4  a case is inadmissible.  *See Greenlaw v. Micone*, 2025 WL 636984, at *1 (N.D. Cal.

5  Feb. 27, 2025).

6    Even if evidence is deemed relevant, Federal Rules of Evidence Rule 403 states as

7  follows:

8      "The court may exclude relevant evidence if its probative value
       is substantially outweighed by a danger of one or more of the

9      following: unfair prejudice, confusing the issues, misleading the

10     jury, undue delay, wasting time, or needlessly presenting
       cumulative evidence.".

11

12   "[W]ell-established rules of evidence permit trial judges to exclude evidence if

13  its probative value is outweighed by certain other factors such as unfair prejudice, confusion

14  of the issues, or potential to mislead the jury." *Holmes v. South Carolina*, 547 U.S. 319, 326,

15  126 S. Ct. 1727, 164 L. Ed. 2d 503 (2006); *Crane*, 476 U.S. at 689-90 *Williams v. Johnson*,

16  2025 U.S. Dist. LEXIS 119240, *50).

17

18  **II.    PLAINTIFF SHOULD NOT BE ALLOWED TO OFFER TESTIMONY
         OR DOCUMENTARY EVIDENCE OF PLAINTIFF'S INABILITY TO**

19       **OBTAIN CREDIT, OR INABILITY TO OBTAIN CREDIT AT A
         DESIRABLE RATE, RELATED TO INCOME PROPERTIES.**

20

21    In issuing its ruling on Defendants' Motions for Summary Judgment, the Court stated

22  that:

23       While the record in this case is unclear as to what damages Xu is seeking, the
         law is not: damages related to business, commercial, or professional purposes

24       are not within the purview of the FCRA.  *Grigoryan v. Experian Info. Sols.,
         Inc.*, 84 F. Supp.3d 1044, 1081 (C.D. Cal. 2014) (citing cases).

25

26  (Doc. 107, 10:2-5).

27    In its Order, the Court correctly identifies the principle that damages for loss of credit

28  opportunities related to investment properties are not recoverable under the FCRA because

3

**MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF DAMAGES RELATED TO INCOME
PROPERTIES**

.4897-3016-8164.1

HALL GRIFFIN

they are not related to damages suffered for individual consumer purposes. *See Dorain v. Comm. Loan Servicing, LLC*, 2023 WL 395790, at *6-*7 (N.D. Cal. Jan. 25, 2023) (precluding the plaintiff from seeking damages related to attempts to refinance loans on rental properties as the allegedly inaccurate credit reports were not used to determined eligibility for credit to be used primarily for personal, family, or household purposes); *see also Grigoryan v. Experian Info. Sols., Inc.*, 84 F.Supp.3d 1044, 1077-86 (C.D. Cal. 2014) (denying Plaintiff damages relating to consumer credit reports used for business, commercial or professional purposes as they are not within the purview of the FCRA).

Here, by Xu's own admissions, the two properties at issue clearly fall into the category of rental properties and/or prospective rental or income properties for which damages are not recoverable under the FCRA. Xu has stated several times throughout this litigation that he suffered damages based on two loan applications for income properties and not for personal, family or household purposes.

Specifically, Xu described the Arvada, Colorado property as "income property" in his First Amended Complaint (Doc. 54 at ¶ 22); he further categorized that property as a "vacation rental property" in his initial Rule 26 Disclosures, served on January 16, 2025; at his November 22, 2024 deposition, Xu testified that part of the calculation of the $268,000 in claimed damages related to the Arvada property was for "lost income from that property if I purchased it and rented at a short-term rental." (Exhibit C at 80:16-18); at that same deposition he testified that he owned three rental properties, one of which was 405 Wakewa Avenue, South Bend, Indiana. (Exhibit C at 17: 3-10).

Per this Court's Order, any damages based on the Arvada or South Bend properties are not recoverable under the FCRA and, therefore, are irrelevant. As such, any documentary or testimonial evidence elicited regarding these properties is improper and would unjustly prejudice the Defendants at trial by confusing the issues and misleading the jury. If Xu attempts to revisit these claims for damages, the Court must restrict any such attempt as improper and in violation of the Court's prior Order.

**MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF DAMAGES RELATED TO INCOME PROPERTIES**

.4897-3016-8164.1

III.    **CONCLUSION**

For the foregoing reasons, TMS respectfully requests that the Court grant its Motion in Limine and preclude Xu from offering testimony or documentary evidence related to losses purportedly arising from his failure to secure credit or his failure to secure desirable credit in relation to his properties in Arvada, Colorado and South Bend, Indiana.

DATED: September ___, 2025          HALL GRIFFIN LLP


By: _____
        Valerie J. Schratz
        Brian P. Stewart
    Attorneys for Defendant
    THE MONEY SOURCE INC.

4897-3016-8164.1

## DECLARATION OF BRIAN P. STEWART

Brian P. Stewart declares:

1.      I am an attorney-at-law, licensed to practice before the courts of the State of California and this Honorable Court, and I am associated with Hall Griffin LLP, attorneys of record for Defendant THE MONEY SOURCE, INC. ["TMS"]; I make this declaration based on my personal knowledge and on the business records maintained by my office on behalf of Defendant TMS in this matter, and if called as a witness could testify competently to the facts stated herein.

2.      In his initial Rule 26 Disclosures, served on January 16, 2024 (a true and correct copy of Plaintiff's Initial Disclosures is attached hereto as Exhibit "A"),  Plaintiff identified the damages he believed he had suffered in this action, including the following statement:

> "Mr. Xu, due to the derogatory credit reporting by Defendants, was forced to withdraw from a contract to purchase a second home/**vacation rental property in Arvada, Colorado**. Due to the FCRA violation, Mr. Xu lost a total of approximately $286,000 because of his inability to complete the purchase." [emphasis added]

3.       In his Amended Rule 26 Disclosures, served on March 13, 2024 (a true and correct copy of Plaintiff's Initial Disclosures is attached hereto as Exhibit "B"),  Plaintiff identified additional damages that he believed he had suffered in this action, including the following statement:

> "Mr. Xu purchased real property located at 405 Wakewa Avenue, South Bend, Indiana. He financed the purchase with a $336,000 loan with an interest rate of 5.125% instead of 4.875%, which he would have otherwise qualified for but for Defendants' derogatory credit reporting, His monthly payment would have been $1,778, but is now $1,829, causing Mr. Xu to suffer damages in the amount of $18,360."

4.       During his deposition, Xu testified that he owned three rental properties  (a true and correct copy of page 17 of the Deposition Transcript of Jing Xu is attached hereto

6

as Exhibit "C").

5.    On July 1, 2025, this Court issued its Order Denying in Part and Granting in Part Motions for Summary Judgment [Doc 107], wherein it held that Xu may not seek damages connected with any of his rental properties or prospective rental or income properties.  (a true and correct copy of the Order Denying in Part and Granting in Part Motions for Summary Judgment is attached hereto as Exhibit "D").

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ___ day of August, 2025, at Santa Ana, California.

_____
Brian P. Stewart

HALL GRIFFIN

**MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF DAMAGES RELATED TO INCOME PROPERTIES**

.4897-3016-8164.1

# Plaintiff's Opposition to Defendant's Motion in Limine No. 1

1 Breck E. Milde (Bar No. 122437)
bmilde@terralaw.com
2 TERRA LAW LLP
333 W. Santa Clara St., Suite 620
3 San Jose, California 95113
Telephone:  (408) 299-1200
4
Attorneys for Plaintiff
5 Jing Xu

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12 JING XU,                              Case No. 5:23-CV-05510-NW

13              Plaintiff,               **PLAINTIFF JING XU'S OPPOSITION
                                         TO THE MONEY SOURCE'S MOTION
14      vs.                              IN LIMINE NO. 1 TO EXCLUDE
                                         EVIDENCE OF DAMAGES RELATED
15 BETTER MORTGAGE CORPORATION, a        TO INCOME PROPERTIES**
California corporation, and THE MONEY
16 SOURCE, INC., a New York corporation, Pretrial Conference: October 15, 2025
                                         Time:  2:00 p.m.
17              Defendants.              Place:  Courtroom 3, 5th Floor
                                         Judge:  Honorable Noël Wise
18

19

20
        Plaintiff Jing Xu ("Plaintiff") submits the following opposition to defendant The Money
21
Source, Inc.'s ("Defendant" or "TMS") Motion in Limine No. 1 to Exclude Evidence of Damages
22
Related to Income Properties.
23
        TMS argues that the Court has previously ruled that damages for loss of credit
24
opportunities related to investment properties are not recoverable under the FCRA because they
25
are not related to damages suffered for individual consumer purposes [citing *Grigoryan v.*
26
*Experian Info. Sols., Inc.*, 84 F. Supp.3d 1044, 1081 (C.D. Cal. 2014), and *Dorain v. Comm. Loan*
27
*Servicing, LLC*, 2023 WL 395790, at *6-*7 (N.D. Cal. Jan. 25, 2023)].
28

However, the Court's Order cites controlling Ninth Circuit authority, *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008) (reversing grant of summary judgment where the plaintiff "hoped to start a business" and an inaccurate report caused "several lenders to decline his applications for credit, dashing his hopes of starting a new business." Here Plaintiff was not hoping to start a business, but to provide for his family by investing in real property (which in the case of the Colorado property could also be used as a vacation property for his family). Investments to provide income for his family certainly qualify as a "personal, family, or household purpose" under the FCRA. This Ninth Circuit authority controls rather than the District Court level authorities cited by TMC.

Based on the foregoing, plaintiff Jing Xu respectfully submits that TMS's Motion in Limine No. 1 be denied.


Dated:  October 1, 2025                          TERRA LAW LLP

                                        By:____/s/  Breck E. Milde_____
                                               Breck E. Milde
                                               Attorneys for Plaintiff Jing Xu

PLAINTIFF JING XU'S OPPOSITION TO THE MONEY SOURCE'S MOTION IN LIMINE NO. 1 TO EXCLUDE
EVIDENCE OF DAMAGES RELATED TO INCOME PROPERTIES

# Defendant's Motion in Limine No. 2

1  HALL GRIFFIN LLP
VALERIE J. SCHRATZ, State Bar No. 272418
2    *vschratz@hallgriffin.com*
BRIAN P. STEWART, State Bar No. 147718
3    *bstewart@hallgriffin.com*
1851 East First Street, 10th Floor
4  Santa Ana, California 92705-4052
Telephone: (714) 918-7000
5  Facsimile: (714) 918-6996

6  Attorneys for Defendant
THE MONEY SOURCE INC.
7

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

10

11  JING XU,                                CASE NO. 5:23-cv-05510-NW

12              Plaintiff,                  JUDGE:  Hon. Noël Wise
                                            CTRM.:  3
13       vs.
                                            **MOTION IN LIMINE NO. 2 TO**
14  BETTER MORTGAGE CORPORATION,            **EXCLUDE THOMAS FAN; JOANNE**
a California corporation, and THE           **GONZALES; ALEX MARTINEZ;**
15  MONEY SOURCE, INC., a New York          **ZHANG YASHI  AND HEARSAY**
corporation,                                **TESTIMONY OF STATEMENTS**
16                                          **MADE BY BANK EMPLOYEES;**
              Defendants.                   **DECLARATION OF BRIAN**
17                                          **STEWART**

18                                          DATE:
                                            TIME:    9:00 a.m.
19                                          CTRM.:   3

20                                          ACTION FILED:   October 25, 2023
                                            TRIAL DATE:     September 22, 2025
21

22  **I.    INTRODUCTION**

23          This action arises from a dispute related to Plaintiff JING XU's ("Plaintiff" or

"Xu") failure to timely make his mortgage payments and his loan servicer subsequently

24  reporting this failure to a consumer reporting agency ("CRAs").  Xu admits that he did not

25  make his scheduled loan payments timely.  However, he contends that the negative credit

26  reporting violates the Fair Credit Reporting Act ("FCRA") as misleading because it fails to

27  include facts related to the reason Xu failed to make the payment on time.

28

1     In his Initial Rule 26 Disclosures, Xu failed to identify any witnesses other than

2   himself.  Mr. Xu now seeks to add Thomas Fan; JoAnne Gonzales; Alex Martinez and

3   Zhang Yashi as a witnesses in the eleventh hour before trial.  Mr. Fan; Mr. Martinez; Ms.

4   Gonzales and Ms. Yashi were also not identified as witnesses or as expert witnesses in

5   Plaintiffs Supplemental Rule 26 Disclosures.

6     In addition to these undisclosed witnesses, Plaintiff is expected to offer hearsay

7   testimony purportedly made by bank employees.   In his opposition to Defendants Motions

8   for Summary Judgment, Xu submitted declarations where he made statements such as: "I

9   learned of derogatory information reported to at least one credit reporting agency[,]"

10  "some of the TMS representatives agreed that BMC/TMS was at fault[,]" (Declaration of

11  Brian P. Stewart [BPS Dec] ¶ 2; Exhibit "A"), and "Mr. Fan advised me that if it was not

12  for the BMC/TMS report, I could have qualified for the loan reflected in the Bank of

13  America loan estimate[,]"  (Declaration of Brian P. Stewart [BPS Dec] ¶ 3; Exhibit "B").

14  Each of these statements constitutes inadmissible hearsay, as would any testimony offered

15  by Xu at trial of conversations that he purportedly had with any bank employees.

16  ## II.    <u>LEGAL STANDARD FOR MOTIONS IN LIMINE.</u>

17    "A party may use a motion *in limine* to exclude inadmissible or prejudicial evidence

18  before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460,

19  83 L. Ed. 2d 443 (1984)" *Manoukian v. BMW of N. Am., LLC*, 2023 U.S. Dist. LEXIS

20  46509, *2. '  Motions in limine serve as procedural mechanisms "to limit in advance

21  testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111

22  (9th Cir. 2009). The decision on a motion in limine is committed to the district court's

23  discretion, including the decision of whether to reserve ruling until trial. *See United States*

24  *v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). Motions in limine "should not be used

25  to resolve factual disputes or weigh evidence." *BNSF R.R. v. Quad City Testing Lab., Inc.*,

26  2010 U.S. Dist. LEXIS 113888, at *1 (D. Mont. Oct. 26, 2010).

27

28

**MOTION IN LIMINE NO. 3 TO EXCLUDE HEARSAY TESTIMONY OF STATEMENTS MADE BY BANK EMPLOYEES**

.4900-4900-0804.2

1    III.    **PLAINTIFF SHOULD NOT BE ALLOWED TO OFFER TESTIMONY OF**

2            **ANY WITNESS WHO HE FAILED TO IDENTIFY IN HIS RULE 26**

3            **DISCLOSURES .**

4            Federal Rule of Civil Procedure 26 (a) (1) (i) requires the parties to disclose the

5    identity of each witness likely to provide testimony at trial and Rule 26 (a) (2) (A) requires

6    the parties to disclose the identity of each expert witness "accompanied by a written report

7    prepared and signed by the witness."  Federal Rule of Civil Procedure (FRCP) 26 (e),

8    provides that a party has a duty to supplement or correct its disclosures or responses in a

9    timely manner if it learns that the disclosure or response is incomplete or incorrect in some

10   material respect, and if the additional or corrective information has not otherwise been

11   made known to the other parties during the discovery process or in writing.

12           This duty applies to disclosures made under Rule 26(a), as well as responses to

13   interrogatories, requests for production, or requests for admission USCS Fed Rules Civ

14   Proc R 26, *Lujan v. Cabana Mgmt.,* 284 F.R.D. 50, *San Francisco Baykeeper v. W. Bay*

15   *Sanitary Dist*., 791 F. Supp. 2d 719.   Federal Rule of Civil Procedure (a ) (2) (C). Rule 37

16   (c) (1) gives teeth to these requirements by forbidding the use at trial of any information

17   required to be disclosed by Rule 26 (a) that is not properly disclosed.  *See*, *Yeti* by *Molly*,

18   *Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106.

19           Xu had the opportunity to identify these witnesses when he served his Initial Rule

20   26 Disclosures and in his Supplemental Rule 26 Disclosures but chose not to do so.  By

21   excluding these witnesses from his Initial Disclosures and his Supplemental Disclosures,

22   Xu sent a clear message that he intended to rely exclusively on his own testimony.

23   Defendants did not depose these witnesses because under the Federal Rules of Civil

24   Procedure they did not expect to need to know what these witnesses might testify to.

25   ///

26   ///

27   ///

28

**MOTION IN LIMINE NO. 3 TO EXCLUDE HEARSAY TESTIMONY OF STATEMENTS MADE BY**
**BANK EMPLOYEES**
.4900-4900-0804.2

III.    **PLAINTIFF SHOULD ALSO NOT BE ALLOWED TO OFFER HEARSAY TESTIMONY OF CONVERSATIONS THAT HE PURPORTEDLY HAD WITH ANY BANK EMPLOYEES**

Mr. Xu's statement describing what he purportedly was told by Mr. Fan is inadmissible hearsay. Mr. Xu's characterization of the email from Mr. Fan and the purported contents of his credit reports, likewise, is inadmissible hearsay and secondary evidence. Fed. R. Evid. 1002. *See also Bankston v. Americredit Fin. Servs., Inc.*, 2011 WL 89730, at *7. The remainder of Xu's statement is improper opinion, lacks foundation and is speculation. Fed. R. Evid. 602, 701. *See also Slevin v. Home Depo*, 120 F. Supp. 2d at 826-27. Accordingly, the entire statement must be excluded. Fed. R. Evid. 602, 701, 801-802, 1002.

IV.    **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court grant its Motion in Limine and enter an order that precluding Xu from offering Thomas Fan as a

witness or offering hearsay testimony related to conversations he had with employees of Bank of America, TMS, BMC or any CRA.

DATED:  September ___, 2025          HALL GRIFFIN LLP


                                              By: _____
                                                  Valerie J. Schratz
                                                  Brian P. Stewart
                                                  Attorneys for Defendant
                                                  THE MONEY SOURCE INC.

HALL GRIFFIN

**MOTION IN LIMINE NO. 3 TO EXCLUDE HEARSAY TESTIMONY OF STATEMENTS MADE BY BANK EMPLOYEES**

.4900-4900-0804.2

## <u>DECLARATION OF BRIAN P. STEWART</u>

Brian P. Stewart declares:

      1.     I am an attorney-at-law, licensed to practice before the courts of the State of California and this Honorable Court, and I am associated with Hall Griffin LLP, attorneys of record for Defendant THE MONEY SOURCE, INC. ["TMS"] ; I make this declaration based on my personal knowledge and on the business records maintained by my office on behalf of Defendant TMS in this matter, and if called as a witness could testify competently to the facts stated herein.

      2.     In his Declaration submitted in opposition to TMS's Motion for Summary Judgment,  Plaintiff stated that:

> "After speaking with TMS customer service, some of the TMS representatives agreed that BMC/TMS was at fault, however, the credit reporting agencies were not advised of BMC/TMS's error."

(a true and correct copy of Xu's Declaration filed in support of his Opposition to TMS's Motion for Summary Judgment is attached hereto as Exhibit "A")

      3.     In his Declaration submitted in opposition to Better Mortgage Company's ("BMC") Motion for Summary Judgment,  Plaintiff stated that:

> "Mr. Fan advised me that if it was not for the BMC/TMS report, I could have qualified for the loan reflected in the Bank of America Loan Estimate dated February 22, 2022."

(a true and correct copy of Xu's Declaration filed in support of his Opposition to BMC's Motion for Summary Judgment is attached hereto as Exhibit "B").

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Executed this ___ day of August, 2025, at Santa Ana, California.

_____
      Brian P. Stewart

Case No. 5:23-cv-05510-NW

**MOTION IN LIMINE NO. 3 TO EXCLUDE HEARSAY TESTIMONY OF STATEMENTS MADE BY BANK EMPLOYEES**

.4900-4900-0804.2

HALL GRIFFIN

# Plaintiff's Opposition to Defendant's Motion in Limine No. 2

Breck E. Milde (Bar No. 122437)
bmilde@terralaw.com
TERRA LAW LLP
333 W. Santa Clara St., Suite 620
San Jose, California 95113
Telephone:  (408) 299-1200

Attorneys for Plaintiff
Jing Xu

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JING XU,<br><br>                Plaintiff,<br><br>   vs.<br><br>BETTER MORTGAGE CORPORATION, a California corporation, and THE MONEY SOURCE, INC., a New York corporation,<br><br>           Defendants. | Case No. 5:23-CV-05510-NW<br><br>**PLAINTIFF JING XU'S OPPOSITION TO THE MONEY SOURCE'S MOTION IN LIMINE NO. 2 TO EXCLUDE THOMAS FAN; JOANNE GONZALES; ALEX MARTINEZ; ZHANG YASHI AND HEARSAY TESTIMONY OF STATEMENTS MADE BY BANK EMPLOYEES**<br><br>Pretrial Conference: October 15, 2025<br>Time:  2:00 p.m.<br>Place:  Courtroom 3, 5th Floor<br>Judge:  Honorable Noël Wise |

Plaintiff Jing Xu ("Plaintiff") submits the following opposition to defendant The Money Source, Inc.'s ("Defendant" or "TMS") Motion in Limine No. 2 to Exclude Thomas Fan, Joanne Gonzales, Alex Martinez, Zhang Yashi and Hearsay Testimony of Statements Made by Bank Employees.

### A.    Plaintiff's Witnesses Should Not be Excluded

Defendant seeks to exclude any witnesses not formally disclosed by Plaintiff in his initial

1   disclosures. However, the witnesses' identities were disclosed in documents produced along with

2   Plaintiff's disclosures, and the substance of their testimony was discussed at length in Plaintiff's

3   deposition testimony.

4       "A district court has wide discretion in controlling discovery" and that discretion is

5   "particularly wide" in deciding whether to exclude witnesses. *Ollier v. Sweetwater Union High*

6   *Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014). The rules expressly contemplate that such notice

7   need not necessarily be provided through a formal initial disclosure or a formal supplement

8   thereto. A formal disclosure is unnecessary when the information has "otherwise been made

9   known to the other parties during the discovery process." Fed. R. Civ. P. 26(e)(1)(A); V*5 Techs.*

10  *v. Switch, Ltd.*, 334 F.R.D. 615, 618 (D. Nev. 2020).

11      In practice, courts apply the disclosure rules with an eye toward common sense and the

12  purposes of the rules. For example, in *V5 Technologies v. Switch, Ltd.*, the court denied a motion

13  to strike a witness who was not included in initial disclosures because the plaintiff did not plan to

14  rely on the witness's testimony at the time of the initial disclosures. *Id.*, at 617.

15      The Federal Rules of Evidence provide generally that evidence must be relevant to be

16  admissible. See Fed.R.Evid. 402. Evidence is relevant if it has a "tendency to make the existence

17  of [any fact that is of consequence to the determination of the action] more or less probable than it

18  would be without the evidence." Fed.R.Evid. 401. "Evidence may be 'relevant' under Rule 401's

19  definition, even if it fails to prove or disprove the fact at issue—whether taken alone or in

20  combination with all other helpful evidence on that issue." *United States v. Guzman–Montanez*,

21  756 F.3d 1, 7 (1st Cir.2014) (internal quotation marks omitted).

22      A failure to disclose may be excused if it is substantially justified or harmless.

23  Harmlessness may be found when the opposing party is already aware of the witness or when the

24  late disclosure does not prejudice the opposing party's ability to prepare for trial. A failure to

25  disclose is harmful only if it unduly prejudice the opposing party. See, e.g., *Trost v. Trek Bicycle*

26  *Corp.*, 162 F.3d 1004, 1008–09 (8th Cir.1998).

27      In this case the witnesses' testimony is relevant. Their identities and the substance of their

28  testimony was disclosed in documentary evidence and deposition testimony. TMS knew of the

**PLAINTIFF JING XU'S OPPOSITION TO THE MONEY SOURCE'S MOTION IN LIMINE NO. 2 TO EXCLUDE THOMAS FAN; JOANNE GONZALES; ALEX MARTINEZ; ZHANG YASHI AND HEARSAY TESTIMONY OF STATEMENTS MADE BY BANK EMPLOYEES**

1  witnesses and is not hampered in its ability to prepare for trial. The Court should exercise its

2  discretion and deny TMS's attempt to exclude Plaintiff's witnesses.

3  **B.      Defendant's Hearsay Objection Should be Overruled**

4        Defendant also broadly requests that any "testimony related to conversations [Plaintiff]

5  had with employees of Bank of America, TMS, BMC or any CRA" be excluded based on the

6  hearsay rule. It is unclear exactly what "related" testimony is being referred to. Such a blanket

7  prohibition is improper and unworkable and should be grounds in itself for denying the motion.

8        The testimony Plaintiff intends to offer is admissible as both non-hearsay and under

9  exceptions to the rule. Of course, Plaintiff can testify about what he did, said and experienced.

10       Statements made by TMS's employees and representatives are admissible.  The Federal

11  Rules expressly provide that statements by an opposing party are not hearsay. They are

12  substantive evidence of the facts stated. Fed.R. Evid. 801(d)(2) (amended eff. 12/1/24); see also

13  *Auto-Owners Ins. Co. v. Jensen* (8th Cir. 1981) 667 Fed. 2d 714, 722.  In addition, statements

14  made in the course of litigation may be treated as judicial admissions and are generally binding

15  on the admitting party.

16       Plaintiff may also use statements by TMS's representatives for impeachment. Fed.R. Evid.

17  613 (amended eff. 12/1/24). Such a statement is non-hearsay because the statement is not offered

18  to prove its truth, but rather to undermine the witness' credibility. *Carson Harbor Village, Ltd. v.*

19  *Unocal Corp.*, 270 Fed.3d 863, 873 (9th Cir. 2001).

20       An out-of-court statement is not hearsay if offered to show the effect on the hearer, reader

21  or viewer rather than to prove the truth of the content of the statement: e.g., to show that a party

22  had prior notice or knowledge; that a party was given a warning; or to prove a party's motive,

23  good faith, fear, etc., where such matters are relevant to an issue in the case. See *Moore v. City of*

24  *Memphis*, 853 Fed. 3d 866, 870-871 (6th Cir. 2017) also *White Communications, LLC v.*

25  *Synergies3 Tec Services, LLC,* 4 Fed.4th 606, 613 (8th Cir. 2021).

26       A declarant's statement of a then-existing state of mind or emotion is admissible under

27  Fed.R.Evid. 803(3) to prove or explain the declarant's present or future conduct. Plaintiff is

28  entitled to proffer evidence of the witnesses in question for this purpose.

C.      **Conclusion**

Defendant's motion should be denied as it is overbroad, undefined, and without legal merit. The hearsay rule does not bar admission of any testimony or documentary evidence to be proffered by Plaintiff at trial.

Dated:  October 1, 2025                              TERRA LAW LLP

                                                By:    /s/  Breck E. Milde
                                                       Breck E. Milde
                                                       Attorneys for Plaintiff Jing Xu

PLAINTIFF JING XU'S OPPOSITION TO THE MONEY SOURCE'S MOTION IN LIMINE NO. 2 TO EXCLUDE THOMAS FAN; JOANNE GONZALES; ALEX MARTINEZ; ZHANG YASHI AND HEARSAY TESTIMONY OF STATEMENTS MADE BY BANK EMPLOYEES

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies, on October 1, 2025, a copy of the following document:

MOTIONS IN LIMINE

was served electronically to all parties on the above-captioned matter through the ECF system at the electronic address on file with the Clerk's Office and by emailing the same to all parties at the email addresses that are indicated below.

Berj K. Parseghian
Lippes Mathias LLP
260 Madison Ave., 17th Floor
New York, NY 10016
(332) 345-4500
bparseghian@lippes.com

Valerie Jean Schratz
Hall Griffin LLP
1851 E. First St., 10th Floor
Santa Ana, CA 92705-4052
(714) 918-6996
vschratz@hallgriffin.com

Dated:  October 1, 2025          By:    /s/ Breck E. Milde
                                        Breck E. Milde
                                        TERRA LAW LLP
                                        333 W. Santa Clara St., Suite 620
                                        San Jose, CA 95113
                                        Phone:  (408) 299-1200
                                        Email: bmilde@terralaw.com

                                        Attorneys for Plaintiff Jing Xu